Daniel C. Girard (State Bar No. 114826)
*dcg@girardgibbs.com*
Jordan Elias (State Bar No. 228731)
*je@girardgibbs.com*
Elizabeth A. Kramer (State Bar No. 293129)
*eak@girardgibbs.com*
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RICHARD SAN MIGUEL and DELORES LAWTY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　v.<br>HP INC.,<br>　　　　　　　Defendant. | Case No. 5:16-cv-05820<br><br>**PLAINTIFFS' OPPOSITION TO HP INC.'S MOTION TO TRANSFER OR STAY**<br><br>Date: February 2, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

STATEMENT OF ISSUE TO BE DECIDED ......................................................................2

RELEVANT BACKGROUND..............................................................................................2

ARGUMENT ..........................................................................................................................3

     I.    HP'S MOTION TO TRANSFER IS MOOT ...............................................3

     II.   HP'S MOTION TO STAY SHOULD BE DENIED ......................................3

     III.  CENTRALIZATION OF THE PROCEEDINGS IN THIS DISTRICT WILL PROMOTE THE INTERESTS OF EFFICIENCY. ........................................6

**INTRODUCTION**

Four cases were filed in response to HP's issuance of a firmware update that intentionally disabled HP printers fitted with non-HP ink cartridges.[1] *Bayse*, the first-filed case, was filed in the Northern District of Alabama. *Doty*, the second case, was filed in the Central District of California. The third case, *San Miguel*, and fourth case, *Ware*, were filed in the Northern District of California. *San Miguel* was assigned to this Court and *Ware* has been related to *San Miguel*. ECF No. 22. Defendant HP Inc. moves to transfer *San Miguel* to the *Bayse* forum or alternatively for a stay in favor of *Doty*. But *Bayse* has been voluntarily dismissed and that portion of HP's motion is now moot. HP is left to argue that this Court should stay *San Miguel*.

*Doty*, filed only eight days earlier than *San Miguel*, asserts a different theory of liability from *San Miguel* and *Ware*. *Doty* appears to base liability on a theory of fraud and non-disclosure at the point of sale, whereas *San Miguel* and *Ware* allege that HP engaged in unfair business practices in the ink cartridge aftermarket. The Northern District of California is the clear center of gravity of this litigation—HP is based in Palo Alto and plaintiffs in two of the three remaining actions prefer HP's home district. The Northern District will be most convenient for parties and witnesses and will promote the efficient conduct of this litigation. The Central District has not invested significant time or resources in *Doty*, and *San Miguel* is proceeding apace before this Court.

Centralization of the cases in a single district court, not a stay of litigation, is the fairest approach under these circumstances. The *San Miguel* Plaintiffs have worked to coordinate the litigation informally, but HP's desire to litigate anywhere but before this Court required Plaintiffs to file a motion with the Judicial Panel for Multidistrict Litigation seeking centralization of the cases in

---

[1] The related actions are: *Bayse v. HP Inc.*, No. 2:16-cv-01583-JEO (N.D. Ala. filed Sept. 26, 2016); *Doty v. HP, Inc.*, No. 5:16-cv-02063-GHK-RAO (C.D. Cal. filed Sept. 28, 2016); *San Miguel v. HP Inc.*, 5:16-cv-05820-LHK (N.D. Cal. filed Oct. 7, 2016); and *Ware v. HP Inc.*, No. 5:16-cv-06519-NC (N.D. Cal. filed Nov. 9, 2016).

the Northern District.[2] Plaintiffs respectfully submit that HP's motion to transfer or stay should be denied, and that the claims against HP should be centralized and litigated before this Court.

## STATEMENT OF ISSUE TO BE DECIDED

1. Whether the Court should stay this action (and the related *Ware* action) in deference to the *Doty* action, even though all three cases are at an early stage, *Doty* is premised on a different theory of liability than *San Miguel* and *Ware*, and plaintiffs in two of the three pending cases wish to litigate in the Northern District of California, where HP is headquartered and where the cases are proceeding.

## RELEVANT BACKGROUND

On December 5, 2016, Plaintiffs filed a motion with the Panel under 28 U.S.C. § 1407 to centralize all related and tag-along cases before this Court. *In re: HP Printer Cartridge Authentication Firmware Litigation*, MDL No. 2763 (J.P.M.L. filed Dec. 5, 2016), ECF No. 1. On December 7, 2016, HP filed its motion to transfer or stay in this Court. ECF No. 18. On December 15, 2016, plaintiff Dan Bayse voluntarily dismissed his first-filed case under Fed. R. Civ. P. 41(a)(1)(A)(i), and the Alabama district court thereafter entered a dismissal order. *Bayse*, No. 2:16-cv-01583-JEO (N.D. Ala.), ECF Nos. 14, 15. Counsel for Mr. Bayse—Heninger Garrison Davis, LLC—has opted to participate in the litigation in the Northern District of California by associating with Plaintiffs' counsel; one of Mr. Bayse's attorneys, Taylor Bartlett, has appeared in this case. *See* ECF No. 25.

In response to Plaintiffs' motion under Section 1407, the plaintiff in *Ware*—which this Court related to *San Miguel* (ECF No. 22)—filed a response supporting centralization in the Northern District of California. MDL No. 2763, ECF No. 14. HP and the *Doty* plaintiff filed responses opposing centralization. *Id.*, ECF Nos. 13, 15. Plaintiffs replied on January 3, 2017. *Id.*, ECF No. 16. A hearing before the Panel is set for January 26, 2017.

---

[2] Plaintiff San Miguel suggested on reply that the MDL Panel transfer the cases to the Central District of California as an alternative to the Northern District of California if the Panel finds the Central District preferable for any reason. MDL No. 2763, ECF No. 16 at 11.

# ARGUMENT

## I. HP'S MOTION TO TRANSFER IS MOOT

HP's motion to transfer *San Miguel* to the Northern District of Alabama should be denied as moot. The first-filed *Bayse* action has been dismissed and there is no longer a related case pending in the venue to which HP sought transfer, as HP acknowledged in its response to the Panel: "As Plaintiff Bayse has since voluntarily dismissed his complaint, this aspect of HP's pending First-to-File Motion is now moot." MDL No. 2763, ECF No. 13 at 4.

## II. HP'S MOTION TO STAY SHOULD BE DENIED

HP did not move to transfer this case to the Central District of California. Instead, HP sought transfer to the Northern District of Alabama (now mooted) or, alternatively, a stay of *San Miguel* in favor of the *Doty* action pending in the Central District. ECF No. 18 at 1 ("Alternatively, the Court should enter an order staying this action pending the resolution of *Doty* . . . ."); *see also id.* at 13-15.

HP does not explain why a stay of *San Miguel* would serve the interests of the first-to-file rule or any other doctrine. Mot. at 13-14.[3] In general, a stay of litigation "is an 'extraordinary remedy that should be granted only when justice so requires,'" *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045 (C.D. Cal. 2014) (citation omitted), and the discretionary first-to-file doctrine of comity "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Alul v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2016 WL 7116934, at *2 (N.D. Cal. Dec. 7, 2016) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)); *see also JewelAmerica v. Frontstep Sols. Grp., Inc.*, No. 02 CIV. 1328 (RO), 2002 WL 1349754, at *1 (S.D.N.Y. June 20, 2002) (explaining that "that the first filed rule is usually disregarded where the competing suits were filed only days apart," and that "[e]ven where the first filed rule applies, the presumption that the first filed suit has priority can be overcome if the balance of convenience favors the second filed suit.") (citations omitted).

---

[3] The lone case that HP cites in arguing for a stay is inapposite. In *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237 (9th Cir. 2015), a law firm filed suit to enforce a lien on its former client's accounts receivable, in a deliberate attempt to "short-circuit" a determination concerning accounts that were in dispute in a separate action. *Id*. at 1239. The district court stayed the later-filed action and the Ninth Circuit affirmed, explaining that the law firm's claim to the funds, if any, turned on the resolution of the earlier-filed case. *Id.* at 1241.

3

The first-filed doctrine "is generally applied where there has been significant investment of time and resources by the court of first-filing and where 'a second suit in such circumstances would be a wasteful duplication of effort and work havoc with the orderly administration of justice.'" *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *9 (N.D. Cal. Aug. 9, 2012) (citation omitted). Thus, where "all the actions are filed essentially simultaneously on the heels of the announcement of a transaction, the mere fact that one plaintiff won the filing Olympics . . . has no logical bearing on where the case should proceed." *In re Topps Co. Shareholders Litig.*, 924 A.2d 951, 953 (Del. Ch. 2007). Moreover, as Judge Chen observed, "courts have *rejected* the rule when the second-filed action had developed further than the initial suit." *National Union Fire Ins. Co.*, 2012 WL 3277222, at *9 (emphasis added) (quoting *E.E.O.C. v. University of Penn.*, 850 F.2d 969, 976 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990), and citing *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1354-55 (S.D.N.Y. 1992) (noting cases were filed only twenty days apart)).

None of these considerations favors a stay, particularly where the first-filed action has been dismissed. *See, e.g.*, *ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 11-cv-00192-EJD, 2011 WL 6845791, at *14 (N.D. Cal. Dec. 29, 2011) (declining to stay litigation when the first-filed action was "no longer pending"). The Central District of California court has not invested "significant . . . time and resources" in the *Doty* matter, which was filed just eight days before *San Miguel*. *National Union Fire Ins. Co.*, 2012 WL 3277222, at *9. HP moved to dismiss the *Doty* complaint on December 23, 2016, after HP filed its motions here. *Doty*, ECF No. 16. The parties in the related *San Miguel* and *Ware* actions in the Northern District have already commenced the discovery process, having conducted a discovery planning conference with HP pursuant to Federal Rule of Civil Procedure 26(f).

HP's contention that *San Miguel* and *Doty* "involve identical issues and claims" is inaccurate. Mot. at 14. While these lawsuits all arise from the same or similar set of facts, *San Miguel* and *Ware* differ in material respects from *Doty*. The *San Miguel* and *Ware* complaints assert claims for violations of California's UCL and for unjust enrichment. The operative complaint in *Doty*, by contrast, asserts an array of claims, including for violations of California's False Advertising Law, Consumer Legal Remedies Act, and the UCL's fraud prong. *Doty* therefore implicates fraud and other

4

issues that do not apply in *San Miguel* and *Ware*. *Doty* also involves the significant issue of whether the plaintiff sustained economic loss—an issue that is absent from *San Miguel*.[4] The requested stay would not promote efficiency or conserve judicial and party resources because resolution of the claims in *Doty* would not be dispositive of the claims in *San Miguel*. *See, e.g.*, *Cadenasso v. Metro. Life Ins. Co.*, No. 13-CV-05491-JST, 2014 WL 1510853, at *11 (N.D. Cal. Apr. 15, 2014) (finding transfer, rather than stay, "most appropriate" because decision of another district court "would not be binding"); *Pedro v. Millennium Prods., Inc.*, No. 15-CV-05253-MMC, 2016 WL 3029681, at *6 (N.D. Cal. May 27, 2016) (finding transfer preferable to stay where one action's unique claim would then "proceed on a regular schedule rather than languish in this district"); *see also Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 334 n.6 (3d Cir. 2007) (stating that for the first-filed rule to apply, "[t]he one [case] must be materially on all fours with the other.") (citations omitted).

Staying *San Miguel* in favor of *Doty* would fragment this litigation and interfere with the sound administration of justice, increasing the likelihood of inconsistent rulings and precluding an orderly process for selecting counsel for the class. *See* Manual for Complex Litigation (Fourth), § 21.11 at 246 (recognizing benefits of appointing interim class counsel when "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated"); *Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 WL 12028588, at *3 (W.D. Wash. May 28, 2014) (denying motion to stay proposed class action under first-to-file rule and finding instead that "consolidation is the preferred route" to avoid "inefficiencies or risk of inconsistent judgments."); *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1105 (10th Cir. 2001) ("Rule 23 class actions were designed to unify . . . litigation involving numerous members of a homogenous class") (citation omitted).

---

[4] *Compare* HP's Motion to Dismiss in *Doty*, ECF No. 17 at 24 (arguing that "Plaintiff's claim fails for the additional reason that he has not alleged that he was actually injured by the challenged conduct") (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)), *with* HP's Motion to Dismiss in *San Miguel*, ECF No. 19 (neither citing *Spokeo* nor raising any challenge to the allegations of concrete loss attributable to HP's conduct).

5

### III. CENTRALIZATION OF THE PROCEEDINGS IN THIS DISTRICT WILL PROMOTE THE INTERESTS OF EFFICIENCY.

Whether these cases proceed in the Northern District or the Central District is less important than that they proceed in a single court. Accordingly, this Court should deny HP's motion for all the reasons discussed herein, pending a decision by the Judicial Panel on Multidistrict Litigation on Plaintiffs' motion under Section 1407.

Plaintiffs respectfully submit that this District remains the most appropriate forum for this litigation. If, however, this Court were inclined to grant HP's stay motion, the Court should instead exercise its power to transfer this action *sua sponte* to the Central District of California. *See* 28 U.S.C. § 1404; *PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10-07576 MMM SSX, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) (reiterating the court's inherent authority to transfer suits).

Dated: January 6, 2017

Respectfully submitted,

**GIRARD GIBBS LLP**

/s/ *Daniel C. Girard*

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Elizabeth A. Kramer (State Bar No. 293129)
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dcg@girardgibbs.com
je@girardgibbs.com
eak@girardgibbs.com

*Counsel for Plaintiffs*