1   Daniel C. Girard (SBN 114826)          Samuel G. Liversidge (SBN 180578)
2   Jordan Elias (SBN 228731)              Rodney J. Stone (SBN 145405)
    Elizabeth A. Kramer (SBN 293129)       Jared M. Strumwasser (SBN 275326)
3   GIRARD GIBBS LLP                       GIBSON, DUNN & CRUTCHER LLP
    601 California Street, Suite 1400      333 South Grand Avenue
4   San Francisco, California 94108        Los Angeles, California 90071-3197
    Telephone: (415) 981-4800              Telephone: (213) 229-7365
5   dcg@girardgibbs.com                    sliversidge@gibsondunn.com
    je@girardgibbs.com                     rstone@gibsondunn.com
6   eak@girardgibbs.com                    jstrumwasser@gibsondunn.com
7
8   *Counsel for Plaintiffs*               *Counsel for Defendant HP Inc.*
9

10              UNITED STATES DISTRICT COURT
11              NORTHERN DISTRICT OF CALIFORNIA
                SAN JOSE DIVISION
12
    RICHARD SAN MIGUEL and DELORES         Case No. 5:16-cv-05820-LHK
13  LAWTY, individually and on behalf of all others
    similarly situated,
14                                         **JOINT INITIAL CASE MANAGEMENT
15              Plaintiffs,                CONFERENCE STATEMENT**
          v.
16
    HP INC.,
17                                         Date:  January 18, 2017
                                           Time:  2:00 p.m.
18              Defendant.                 Courtroom:  8, 4th Floor
                                           Judge: Hon. Lucy H. Koh
19
20
21
22
23
24
25
26
27
28

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, plaintiffs San Miguel and Delores Lawty and plaintiff Christopher Ware (when referred to collectively, "Plaintiffs"), and Defendant HP Inc. ("Defendant" or "HP"), hereby provide this Joint Initial Case Management Conference Statement in advance of the Court's Initial Case Management Conference scheduled for January 18, 2017.  As used herein, "Parties" refers to all Plaintiffs and Defendant.[1]

**1.** **Jurisdiction and Service:**

This Court has jurisdiction pursuant to 18 U.S.C. § 1332(d).  No issues exist with respect to personal jurisdiction.  Defendant has been served.

**2.** **Facts:**

Plaintiffs' statement:  This case arises out of HP's implementation of a firmware update that incapacitated thousands of HP printers and all-in-one devices (collectively, "HP printers").  In September 2016, HP issued a firmware update that intentionally disabled HP printers that were using certain non-HP ink cartridges.  Affected HP printers displayed an error message that the non-HP ink cartridges were "missing or damaged."  HP later claimed that the firmware update's "cartridge authentication procedure" was necessary to protect its intellectual property, and while HP apologized to its customers, it explicitly warned of taking similar measures again: "We will continue to use security features to protect the quality of our customer experience, maintain the integrity of our printing systems, and protect our IP including authentication methods that may prevent some third-party supplies from working."[2]  Plaintiffs allege that HP's firmware update constitutes an unlawful attempt by HP to gain an advantage over its competitors—and to unlawfully extract higher profits from the ink

---

[1] The Court ordered *Ware v. HP Inc.*, No. 16-cv-06519, related to *San Miguel v. HP Inc.*, No. 16-cv-05820, on December 16, 2016.  *San Miguel* Dkt. 16-17.  Counsel for Plaintiffs are coordinating their prosecution of their respective actions, and intend to move to consolidate them.  Accordingly, for the Court's convenience, the Parties agreed to file an omnibus Joint Case Management Statement.  The Joint Case Statement is filed in each action with its own caption and signature pages; the content of the filings is otherwise identical.

[2] Jon Flaxman, *Dedicated to the best printing experience*, Blogs @HP (Sept. 28, 2019), https://web.archive.org/web/20160928230159/http://www8.hp.com/us/en/hp-news/blog/Small-Business-Printing/best-possible-printing-experience.html.

1   cartridge aftermarket.  As a result of HP's conduct, Plaintiffs have incurred lost time and out-of-pocket

2   losses, their HP printers have suffered a loss in value, and they face continued or future harm from

3   HP's interference with the operation of the HP printers and with fair competition in the market for ink

4   cartridges.

5          Defendant's statement:  HP denies Plaintiffs' allegations.

6          In this statement, Plaintiffs appear to be recasting their consumer class action into an antitrust

7   action, although no antitrust claims have been pled.  While the claims have numerous legal defects not

8   to be addressed here, their statement also reveals fundamental factual errors as to what happened and

9   what if any harm has been suffered.

10         As is standard in the printing business, HP has a process for authenticating ink-cartridge

11  supplies used in its printers.  HP printers contain firmware (a type of specialized software) that enables

12  communications between a printer and the security chip contained on the ink cartridges installed in that

13  printer.

14         HP sells ink cartridges with original HP security chips.  Some third-party refillers and

15  manufacturers lawfully sell reused ink cartridges with the used HP security chips.  Other third parties

16  attempt to sell ink cartridges that use non-HP security chips, and these products infringe HP's

17  intellectual property rights.  The United States International Trade Commission has issued a General

18  Exclusion Order prohibiting the importation into the United States of infringing ink cartridges and the

19  components thereof, including the non-HP security chips.  Thus, ink cartridges with non-HP security

20  chips imported into the United States compatible with select printers, including the ones Plaintiffs

21  complain they allegedly could not use, are here unlawfully.

22         For select printers, HP's authentication process included new challenges in the firmware used to

23  identify when certain third-party ink cartridges do not have genuine HP security chips.  The new

24  authentication challenges affected only certain third-party ink cartridges.  Third-party ink cartridges

25  with original HP security chips continued to function at all times.  And, separately, even the majority of

26  ink cartridges with cloned security chips remained unaffected.  HP has publicly explained that dynamic

27  security was included in select models of HP printers to protect consumers from third-party ink

28  cartridges without original HP security chips, which infringed HP's intellectual property rights and

2

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.  5:16-cv-05820-LHK

exposed customers to potential quality and security risks, compromising the printing experience.  *See* Dedicated to the best printing experience, https://newsblog.ext.hp.com/t5/HP-newsroom-blog/Dedicated-to-the-best-printingexperience/ba-p/451.

The new procedures in HP's authentication process, including the challenges used in September 2016 targeted by Plaintiffs here, are entirely lawful.  Nevertheless, HP announced on September 28, 2016—more than a week before plaintiffs San Miguel and Lawty initiated their lawsuit and more than a month before plaintiff Ware initiated his lawsuit—that it would be releasing a firmware patch for the affected printer models allowing customers to deactivate dynamic security if they so choose.  This firmware patch was released in October 2016.  Thus, any purchaser with an affected printer who wanted to remove the features that are the subject of Plaintiffs' lawsuits—including Plaintiffs themselves—could do so by simply electing to download and install this optional firmware patch, making any claim of injury in these cases implausible at best.

HP maintains that it has honored its obligations under the law, and the facts demonstrate that there has been no violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and HP has not been unjustly enriched.

**3.**    **Legal Issues:**

The Parties reserve the right to supplement or amend this statement of disputed points of law:

- Whether Plaintiffs' complaints should be dismissed, stayed, or transferred pursuant to the First-to-File Rule;

- Whether Plaintiffs' complaints plead sufficient facts to state claims for violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and for unjust enrichment;

- Whether Plaintiffs have suffered cognizable injury caused by HP;

- Whether Plaintiffs have standing to pursue their cases;

- Whether it would be appropriate to apply California laws extraterritorially to non-California purchasers in this case, including to Plaintiffs themselves;

- Whether the requirements of Rule 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure are met;

3

- Whether HP's acts and practices constitute violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*;
- Whether HP was unjustly enriched by the challenged practices;
- Whether Plaintiffs are entitled to damages, and if so, in what amount;
- Whether Plaintiffs are entitled to restitution, and if so, in what amount;
- Whether injunctive or declaratory relief is appropriate;
- Whether Defendant can prove cognizable affirmative defenses.

4. **Motions**:

(1)    On December 2, 2016, the plaintiff in *Ware v. HP Inc.*, No. 16-cv-06519, (N.D. Cal. filed Nov. 9, 2016), filed a motion to relate his case (*Ware* Dkt. 16) to *San Miguel v. HP Inc.*, No. 16-cv-05820.  The Court granted the motion, on December 16, 2016 (*Ware* Dkt. 16; *San Miguel* Dkt. 22).

(2)    On December 5, 2016, plaintiffs San Miguel and Lawty filed a motion with the U.S. Judicial Panel on Multidistrict Litigation ("JPML") to centralize all related and tag-along cases to this Court, *In re: HP Printer Cartridge Authentication Firmware Litigation*, MDL No. 2763 (J.P.M.L. filed Dec. 5, 2016), pursuant to the multidistrict litigation statute, 28 U.S.C. § 1407.  On December 27, 2016, the plaintiff in *Ware v. HP Inc.*, No. 5:16-cv-6519-LHK, filed a Response before the JPML supporting the motion for centralization in the Northern District of California.  On December 27, 2016, HP filed a Response before the JPML opposing the motion for centralization under Section 1407.  HP argued that, *inter alia*, the MDL vehicle was unnecessary because HP had already filed a motion before this Court pursuant to the First-to-File Rule requesting that deference be granted to the prior-filed case of *Doty v. HP, Inc.*, No. 5:16-cv-02063-GHK-RAO (C.D. Cal. filed Sept. 28, 2016), which is pending in the Central District of California.  On December 27, 2016, the plaintiff in *Doty v. HP, Inc.* also filed a Response before the JPML opposing the motion for centralization in the Northern District of California.  On January 3, 2017, plaintiffs San Miguel and

4

Lawty filed a reply brief in support of their motion to centralize the cases, in which they requested that the JPML "grant Movants' motion and transfer *Doty* to the Northern District of California.  Alternatively, the Court should transfer *San Miguel* and *Ware* to the Central District of California."  A hearing before the JPML on the motion is set for January 26, 2017, in Miami, Florida.

(3)     On December 7, 2016, Defendant filed two motions in the *San Miguel* action:  a Motion to Transfer Case or Stay Case Pursuant to the First-to-File Rule (*San Miguel* Dkt. 18); and a Motion to Dismiss Plaintiffs' Class Action Complaint (*San Miguel* Dkt. 19).  A hearing before this Court on these motions is set for February 2, 2017, at 1:30 p.m.  The briefing schedule for both motions has been modified by an Order granting Parties' Stipulation and Proposed Order regarding the Briefing Scheduling in Defendants' Motions (*San Miguel* Dkt. 23).  Pursuant to that Order, plaintiffs San Miguel and Lawty's oppositions to HP's motions were filed on January 6, 2017 (*San Miguel* Dkt. 28, 29), and Defendant's replies are due on January 18, 2017.

Potential future motion practice:  Plaintiffs anticipate filing a motion for consolidation under Rule 42(a) and a motion for appointment as interim class counsel under Rule 23(g) in the near term. Plaintiffs also anticipate filing a motion for class certification under Rule 23.  If the cases are not consolidated, HP anticipates filing in the *Ware* action a motion to transfer or stay pursuant to the First-to-File Rule and a motion to dismiss.  HP anticipates filing motions for summary judgment in both actions.  The Parties expect that additional motions may also become appropriate during the course of this action, as the circumstances dictate.

**5.**   **Amendment of Pleadings:**

Plaintiffs do not currently plan to amend their complaint.

**6.**   **Evidence Preservation:**

The Parties have reviewed the Court's ESI Guidelines and have undertaken to preserve potentially relevant evidence.  The Parties met and conferred on December 27, 2016.  Plaintiffs San Miguel and Lawty's motion to centralize all related cases as a multidistrict litigation for discovery and

5

pretrial purposes under 28 U.S.C. § 1407 will be heard by the JPML on January 26, and HP's First-to-File Motion seeking to transfer or stay the litigation presently before this Court will be heard on February 2.  HP's position is that, for efficiency purposes, discussions regarding ESI and discovery generally should occur shortly after those pending motions are decided (within 14 days of the connected orders issuing), by which time it will be clear which forum these cases will proceed in, under what local rules, and whether discovery and pretrial proceedings will be coordinated among all related plaintiffs (including plaintiff Doty).  At Plaintiffs' request, defense counsel confirmed that HP is not aware of any ESI preservation, destruction or accessibility issues that should be reported to Plaintiffs.

### 7.    **Disclosures**:

The Parties have agreed to exchange Initial Disclosures two days after the Case Management Conference.

### 8.    **Discovery**:

In compliance with the Court's initial scheduling order, and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Parties met and conferred on December 27, 2016.  Counsel for plaintiffs San Miguel and Lawty prepared a draft protective order and a draft ESI protocol based on the Northern District of California models and with input from plaintiff Ware's counsel, which counsel for plaintiffs San Miguel and Lawty transmitted to counsel for HP.

Plaintiff San Miguel and Lawty's motion to centralize all related cases as a multidistrict litigation for discovery and pretrial purposes under 28 U.S.C. § 1407 will be heard by the JPML on January 26, and HP's First-to-File Motion seeking to transfer or stay the litigation presently before this Court will be heard on February 2. HP's position is that, for efficiency purposes, discussions regarding discovery, including with respect to ESI protocols and protective orders, should occur shortly after those pending motions are decided (within 14 days of the connected orders issuing), by which time it will be clear which forum these cases will proceed in, under what local rules, and whether discovery and pretrial proceedings will be coordinated among all related plaintiffs (including plaintiff Doty).

### 9.    **Class Actions**:

Plaintiffs anticipate moving for class certification under Rule 23 no later than June 7, 2017.  HP does not believe that this matter is appropriate for class certification.

6

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.  5:16-cv-05820-LHK

10.   **Related Cases:**

*Bayse v. HP Inc.*, No. 16-cv-01583, was filed on September 23, 2016 in the United States District Court for the Northern District of Alabama, and was dismissed without prejudice on December 15, 2016.

*Doty v. HP, Inc.*, No. 16-cv-02063, filed on September 28, 2016, is pending in the United States District Court for the Central District of California. On January 9, *Doty* was transferred from the Honorable George H. King to the Honorable Cormac J. Carney.

*San Miguel v. HP Inc.*, Case No. 16-cv-05820, filed on October 7, 2016, is pending in this District before this Court.

*Ware v. HP Inc.*, No. 16-cv-06519, filed on November 9, 2016, is pending in this District before this Court.

11.   **Relief:**

Plaintiffs seek damages, restitution, injunctive and declaratory relief, reasonable attorneys' fees, and costs of suit.  HP denies that Plaintiffs are entitled to any relief whatsoever.  At present, HP does not seek relief from Plaintiffs beyond its costs of suit, but HP reserves its right to assert any appropriate counterclaims if doing so is necessary to answer Plaintiffs' respective complaints.

12.   **Settlement and ADR:**

Pursuant to ADR Local Rule 3-5, the parties met and conferred with respect to ADR and have stipulated to a private mediation before a mutually acceptable neutral to be held within 30 days after a ruling on class certification.

13.   **Consent to Magistrate Judge for All Purposes:**

The Parties do not consent to have a Magistrate Judge conduct all further proceedings.

14.   **Other References:**

The Parties do not believe that this case is suitable for reference to binding arbitration or a special master.

15.   **Narrowing of Issues:**

At this time the parties have yet to identify issues that can be narrowed by agreement.

16.   **Expedited Trial Procedure:**

7

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.**    **Scheduling:**

Plaintiffs' position:

| Event | Date |
|---|---|
| Class certification motion: | June 7, 2017 |
| ADR/initial mediation: | 30 days after ruling on class certification |
| Status report on initial mediation: | 7 days after mediation |
| Non-expert discovery cutoff: | September 6, 2017 |
| Expert reports: | October 11, 2017 |
| Rebuttal expert reports: | November 8, 2017 |
| Reply expert reports: | November 29, 2017 |
| Dispositive motions: | January 5, 2018 |

Defendant's position:  Plaintiffs San Miguel and Lawty's motion to centralize all related cases as a multidistrict litigation for discovery and pretrial purposes under 28 U.S.C. § 1407 will be heard by the JPML on January 26, and HP's First-to-File Motion seeking to transfer or stay the litigation presently before this Court will be heard on February 2.  For efficiency purposes, HP believes that discussions regarding scheduling should occur shortly after those pending motions are decided (within 14 days of the connected orders issuing), by which time it will be clear which forum these cases will proceed in, under what local rules, and whether discovery and pretrial proceedings will be coordinated among all related plaintiffs (including plaintiff Doty).  However, to the degree the Court is inclined to schedule the matter provisionally at this time, HP proposes the following schedule:

| Event | Date |
|---|---|
| Class certification motion: | September 18, 2017 |
| Class certification opposition: | November 17, 2017 |
| Class certification reply: | December 18, 2017 |
| ADR/initial mediation: | 30 days after ruling on class certification |

8

| Status report on initial mediation: | 7 days after mediation |
| Non-expert discovery cutoff: | April 18, 2018 |
| Expert reports: | May 18, 2018 |
| Rebuttal expert reports: | June 29, 2018 |
| Dispositive motions: | July 30, 2018 |

**18.   Trial:**

Plaintiffs request a jury trial.  The expected length of a trial is unclear at this time.

**19.   Disclosure of Non-Party Interested Entities or Parties:**

Defendant filed Certifications of Interested Entities on December 7, 2016 (*San Miguel* Dkt. 17), and January 10, 2017 (*Ware* Dkt. 19), respectively.  Other than the named Defendant, Defendant has no interest to report.

Plaintiffs San Miguel and Lawty filed their Certification of Interested Entities on December 27, 2016 (*San Miguel* Dkt. 24), and plaintiff Ware filed his Certification of Interested Entities on December 12, 2016 (*Ware* Dkt. 14).  Other than the named Plaintiffs, Plaintiffs have no interest to report.

**20.   Professional Conduct:**

All counsel of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters:**

The Parties have no other matters to raise at this time.

Dated:  January 11, 2017                                Respectfully submitted,

By:     /s/ Elizabeth A. Kramer
Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Elizabeth A. Kramer (SBN 293129)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dcg@girardgibbs.com*
*je@girardgibbs.com*
*eak@girardgibbs.com*

9
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.  5:16-cv-05820-LHK

*Counsel for Plaintiffs Richard San Miguel and DeLores Lawty*

By:    /s/ Rodney J. Stone

Samuel G. Liversidge (SBN 180578)
Rodney J. Stone (SBN 145405)
Jared M. Strumwasser (SBN 275326)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7365
*sliversidge@gibsondunn.com*
*rstone@gibsondunn.com*
*jstrumwasser@gibsondunn.com*

*Counsel for Defendant HP Inc.*

**ATTESTATION**

I, Elizabeth A. Kramer, am the ECF User whose identification and password are being used to file this Joint Case Management Conference Statement, I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel.

DATED:  January 11, 2017                    /s/ Elizabeth A. Kramer

10