EXHIBIT C

SAMUEL G. LIVERSIDGE (SBN 180578)
  sliversidge@gibsondunn.com
RODNEY J. STONE (SBN 145405)
  rstone@gibsondunn.com
JOSEPH C. HANSEN (SBN 275147)
  jhansen@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
HP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HP PRINTER FIRMWARE UPDATE LITIGATION | CASE NO. 5:16-cv-05820-EJD-SVK<br><br>**DEFENDANT HP INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** PLAINTIFFS RICHARD SAN MIGUEL, DELORES LAWTY, RICHARD FAUST, CHRISTOPHER WARE, ROBERT DOTY, AND JAMES ANDREWS

**RESPONDING PARTY:** HP INC.

**SET NUMBER:** THREE (3)

Defendant HP Inc. ("HP"), by and through its attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Northern District of California, hereby objects and responds to Plaintiffs' Third Set of Interrogatories to Defendant HP Inc. (the "Interrogatories"), as follows:

## PRELIMINARY STATEMENT

1. HP's responses to Plaintiffs' Interrogatories are made to the best of HP's current knowledge, information, and belief based on its investigation to date. HP reserves the right to supplement or amend any responses should future investigation indicate that such supplementation or

amendment is necessary.  HP's responses in no way prejudice its ability to provide further discovery, research, analysis, or production of evidence.

2. HP's responses are made solely for the purpose of and in relation to this action.  Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevance, and admissibility).  All objections are reserved and may be interposed at any time.

3. HP's responses are premised on HP's understanding that Plaintiffs seek only information that is within HP's possession, custody, and control.

4. HP incorporates by reference each and every Specific Objection Applicable to All Interrogatories set forth below into each and every specific response.  From time to time, a specific response may repeat a Specific Objection Applicable to All Interrogatories for emphasis or some other reason.  The failure to include a Specific Objection Applicable to All Interrogatories in any specific response shall not be interpreted as a waiver of such objection.  The fact that HP has answered all or part of any Interrogatory is not intended, and shall not be construed, to be a waiver by HP of any objection to any Interrogatory.

## **SPECIFIC OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

1. HP objects to the Interrogatories, including the Definitions therein, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2. HP objects to the Definition of the term "HP," "you" and "your" as vague, ambiguous, and overbroad.

3. HP objects to the Definition of the term "IP," and each Interrogatory referencing this term, as vague, ambiguous, overly broad, unduly burdensome, and oppressive.  HP also objects to the reference in this Definition of the term "IP" to "patent," "trade secret," "trademark," "copyright," "license," and "any other intellectual property item or interest," as vague, ambiguous, overly broad, unduly burdensome, oppressive, not relevant to the claims or defenses of any party, and disproportional to the needs of the case.

2
DEFENDANT HP INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' THIRD SET OF INTERROGATORIES
CASE NO. 5:16-CV-05820-EJD-SVK

Gibson, Dunn &
Crutcher LLP

4. HP objects to each Interrogatory to the extent that it is vague, ambiguous, unintelligible, or incapable of any ascertainable meaning.

5. HP objects to each Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent that there is no assertion of a time period for which this information is sought.

6. HP objects to each Interrogatory to the extent that it seeks information already in Plaintiffs' possession or available in the public domain. Such information is equally available to Plaintiffs.

7. HP objects to each Interrogatory to the extent that it seeks information that is neither relevant to a party's claim or defense nor reasonably calculated to lead to the discovery of relevant evidence.

8. HP objects to each Interrogatory to the extent it seeks the production of information containing (a) confidential, proprietary, competitively sensitive, or trade-secret information, or (b) materials implicating privacy rights. Any such information will be produced only under the terms of an appropriate protective order and in conformity with HP's legal obligations.

9. HP objects to each Interrogatory to the extent that it seeks the production or disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, or any other privilege or protection afforded by law.

10. HP objects to each Interrogatory to the extent it seeks information HP is obligated to refrain from disclosing by law.

11. HP objects to the terms "dynamic security," "dynamic security checks," and "dynamic security technology," and each Interrogatory referencing these terms, as vague, ambiguous, overly broad, and unintelligible, including because "dynamic security" is not a single specific thing, but rather a general umbrella term meant to describe any type of non-static security measure.

12. The fact that HP has responded to any Interrogatory or any part thereof shall not be taken as an admission that HP accepts or admits the existence of any facts set forth or assumed by such Interrogatory, or that said response constitutes admissible evidence.

13. By responding or objecting to any Interrogatory, HP does not admit or imply that it has information responsive to that Interrogatory.

* * *

Subject to and without waiver of the foregoing Specific Objections Applicable To All Interrogatories, HP responds to each Interrogatory as follows:

### SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 20:**

State your best estimate of the total number of non-HP inkjet printer cartridges that have been disabled in connection with HP's execution of dynamic security checks (or changes in protocol), including but not limited to the September 2016 dynamic security check.

**OBJECTION TO INTERROGATORY NO. 20:**

HP restates and incorporates its Preliminary Statement and Specific Objections Applicable To All Interrogatories as though fully set forth in this response. HP objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unintelligible, including the terms "dynamic security" and "dynamic security check." HP further objects to this Interrogatory as not limited to a specific timeframe. HP further objects to this Interrogatory as not relevant nor reasonably calculated to lead to the discovery of relevant evidence, vague, ambiguous, overly broad, unduly burdensome and oppressive to the extent that it seeks information beyond the printer models at issue in this case and as identified in the Plaintiffs' Consolidated Complaint on p. 10, paragraph 82, and HP's response to Plaintiffs' Interrogatory No. 3. HP further objects to this Interrogatory as unduly burdensome and oppressive to the extent "the total number of non-HP inkjet printer cartridges that have been disabled in connection with HP's execution of dynamic security checks (or changes in protocol)," is not kept by HP in the ordinary course of business or is not within its custody or control. HP further objects to this Interrogatory to the extent that it seeks the production or disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, or any other privilege or protection afforded by law.

Subject to and without waiving the foregoing objections, HP responds as follows:

Dynamic security does not "disable" printer cartridges. To the extent this Interrogatory seeks information regarding the number of non-HP inkjet printer cartridges that did not pass the dynamic security authentication checks in Tier 1 printers, HP does not know that number. HP previously

estimated the number of printers affected by the dynamic security authentication checks (*see* HP Response to Interrogatory No. 1), and it continues to estimate the number of affected printers to be fewer than 12,000.  HP does not know how many cartridges being used by any of those users would have been affected by a dynamic security authentication check.

**INTERROGATORY NO. 21:**

If you contend that any IP rights justify your execution of dynamic security checks (or changes in protocol), including but not limited to the September 2016 dynamic security check, that prevent certain non-HP inkjet cartridges from operating in certain HP printers, state:

A. the applicable IP;

B. the manufacturer and the model names or numbers of the non-HP inkjet cartridges, if any, that you contend infringe such IP;

C. for each such allegedly infringing non-HP inkjet cartridge, all facts that support your claim of infringement; and

D. whether there has been any adjudicated judgment of infringement with respect to such IP in relation to each allegedly infringing non-HP inkjet cartridge, and if so, the name, number, and jurisdiction of the case in which the judgment was rendered.

**OBJECTION TO INTERROGATORY NO. 21:**

HP restates and incorporates its Preliminary Statement and Specific Objections Applicable To All Interrogatories as though fully set forth in this response.  HP objects to this Interrogatory on the ground that it is compound.  HP further objects to this Interrogatory on the ground that Plaintiffs seek discovery that is overly broad, unduly burdensome, and oppressive, irrelevant to the claims and defenses of any party, and disproportional to the needs of the case.  HP objects to the Definition of the term "IP" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.  HP also objects to the reference in this Definition to "patent," "trade secret," "trademark," "copyright," "license" and "any other intellectual property item or interest," as vague, ambiguous, overly broad, unduly burdensome, oppressive, not relevant to the claims or defenses of any party, and disproportional to the needs of the case.  HP further objects to this Interrogatory as not relevant nor reasonably calculated to lead to the discovery of relevant evidence, vague, ambiguous, overly broad,

unduly burdensome and oppressive to the extent that it seeks information beyond the printer models at issue in this case and as identified in the Plaintiffs' Consolidated Complaint on p. 10, paragraph 82, and HP's response to Plaintiffs' Interrogatory No. 3. HP further objects to this Interrogatory on the grounds that it is not reasonably limited in timeframe, vague, ambiguous, overbroad, and unintelligible, including the terms "dynamic security" and "dynamic security check." HP further objects to this Interrogatory to the extent that it seeks the production or disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, or any other privilege or protection afforded by law.

Subject to and without waiving the foregoing objections, HP responds as follows:

A. HP has a significant amount of intellectual property that applies to its inkjet printers and supplies. HP specifically identifies, without limitation, U.S. Patent Nos. 6,089,687 and 6,264,301, which are also the patents identified in the U.S. International Trade Commission's General Exclusion Order issued pursuant to Investigation No. 337-TA-691.

B. Cartridges with a non-HP chip, including cartridges with chips manufactured and commercialized by Apex, Static Control, and Chipjet.

C. Facts include, but are not limited to, those identified in the U.S. International Trade Commission's complaint previously identified and produced by HP, bates-numbered HP-0000002219.

D. HP refers Plaintiffs to the U.S. International Trade Commission's Investigation No. 337-TA-691.

**INTERROGATORY NO. 22:**

On a quarterly basis from 2014 to the present, state HP's estimated share of the market for inkjet printer cartridges that are compatible with HP printers equipped at any time with dynamic security technology.

**OBJECTION TO INTERROGATORY NO. 22:**

HP restates and incorporates its Preliminary Statement and Specific Objections Applicable To All Interrogatories as though fully set forth in this response. HP objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unintelligible, including the term "dynamic

security technology." HP further objects to this Interrogatory as not relevant nor reasonably calculated to lead to the discovery of relevant evidence, vague, ambiguous, overly broad, unduly burdensome and oppressive to the extent that it seeks information beyond the printer models at issue in this case and as identified in the Plaintiffs' Consolidated Complaint on p. 10, paragraph 82, and HP's response to Plaintiffs' Interrogatory No. 3. HP further objects to this Interrogatory on the ground that it is vague, ambiguous and overbroad insofar as it fails to define "market," "inkjet printer cartridges," and "compatible." HP further objects to this Interrogatory as vague, ambiguous, overly broad, unintelligible, not relevant to the claims or defenses of any party, and disproportional to the needs of the case, to the extent that the requests are not limited in timeframe. HP further objects to this Interrogatory to the extent that it seeks the production or disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, or any other privilege or protection afforded by law.

Subject to and without waiving the foregoing objections, HP responds as follows:

HP does not know its precise share of the market for inkjet printer cartridges that are compatible with HP printers equipped at any time with dynamic security technology. HP can extrapolate rough estimates, however, using data from its Big Data system. Some printers automatically report data to HP's Big Data system, which data includes whether the ink cartridge installed is an original HP ink cartridge. The number of printers that actually report data is less than half of all printers. The calculations below are based on data obtained solely from those reporting printers. The data below is categorized by the type of ink cartridge, not by the type of printer, and includes data for ink cartridges that are compatible with Tier 1 printers. Based on the foregoing, HP has created the following rough extrapolation, which is by nature incomplete and only an estimate:

| No | FYQTR | HP Share % |
|---|---|---|
| 934/935 | 2014Q4 | 90.8% |
| 934/935 | 2015Q1 | 97.4% |
| 934/935 | 2015Q2 | 96.8% |
| 934/935 | 2015Q3 | 95.6% |
| 934/935 | 2015Q4 | 94.3% |
| 934/935 | 2016Q1 | 92.7% |
| 934/935 | 2016Q2 | 92.2% |
| 934/935 | 2016Q3 | 92.2% |
| 934/935 | 2016Q4 | 91.8% |
| 934/935 | 2017Q1 | 91.7% |

7
DEFENDANT HP INC.'S OBJECTIONS AND RESPONSES TO　　　　CASE NO. 5:16-CV-05820-EJD-SVK
PLAINTIFFS' THIRD SET OF INTERROGATORIES

Gibson, Dunn & Crutcher LLP

| No | FYQTR | HP Share % |
|---|---|---|
| 934/935 | 2017Q2 | 90.9% |
| 934/935 | 2017Q3 | 90.2% |
| 934/935 | 2017Q4 | 90.2% |
| 950/951 | 2014Q1 | 95.4% |
| 950/951 | 2014Q2 | 94.8% |
| 950/951 | 2014Q3 | 94.4% |
| 950/951 | 2014Q4 | 94.1% |
| 950/951 | 2015Q1 | 93.6% |
| 950/951 | 2015Q2 | 93.1% |
| 950/951 | 2015Q3 | 93.1% |
| 950/951 | 2015Q4 | 93.0% |
| 950/951 | 2016Q1 | 92.7% |
| 950/951 | 2016Q2 | 92.8% |
| 950/951 | 2016Q3 | 92.6% |
| 950/951 | 2016Q4 | 92.4% |
| 950/951 | 2017Q1 | 92.3% |
| 950/951 | 2017Q2 | 91.8% |
| 950/951 | 2017Q3 | 91.2% |
| 950/951 | 2017Q4 | 90.7% |
| 970/971 | 2014Q1 | 97.9% |
| 970/971 | 2014Q2 | 98.6% |
| 970/971 | 2014Q3 | 96.8% |
| 970/971 | 2014Q4 | 97.0% |
| 970/971 | 2015Q1 | 95.1% |
| 970/971 | 2015Q2 | 92.4% |
| 970/971 | 2015Q3 | 92.0% |
| 970/971 | 2015Q4 | 89.6% |
| 970/971 | 2016Q1 | 89.9% |
| 970/971 | 2016Q2 | 90.4% |
| 970/971 | 2016Q3 | 88.8% |
| 970/971 | 2016Q4 | 87.2% |
| 970/971 | 2017Q1 | 83.4% |
| 970/971 | 2017Q2 | 85.1% |
| 970/971 | 2017Q3 | 83.8% |
| 970/971 | 2017Q4 | 84.2% |

Gibson, Dunn & Crutcher LLP

DEFENDANT HP INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' THIRD SET OF INTERROGATORIES

CASE NO. 5:16-CV-05820-EJD-SVK

Dated: January 18, 2018

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Samuel Liversidge*
    Samuel Liversidge

Attorneys for Defendant
HP INC.

# PROOF OF SERVICE

I, the undersigned, am employed by Gibson, Dunn & Crutcher LLP. My business address is 555 Mission Street, Suite 3000, San Francisco, CA 94105. I am over the age of eighteen and not a party to this action.

On January 18, 2018, I served the following documents:

**DEFENDANT HP INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES**

by electronic mail upon the following persons:

| | |
|---|---|
| Daniel C. Girard<br>Jordan Elias<br>Elizabeth A. Kramer<br>GIRARD GIBBS LLP<br>601 California St., Suite 1400<br>San Francisco, CA 94108<br>Tel.: (415) 981-4800<br>Fax: (415) 981-4846<br>*dcg@girardgibbs.com*<br>*je@girardgibbs.com*<br>*eak@girardgibbs.com* | Todd M. Friedman<br>Adrian R. Bacon<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>21550 Oxnard St., Ste. 780<br>Woodland Hills, CA 91367<br>Tel.: (877) 206-4741<br>Fax: (866) 633-0228<br>*tfriedman@toddflaw.com*<br>*abacon@toddflaw.com* |

Joseph R. Saveri
Nicomedes S. Herrera
Kyla J. Gibboney
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Ste. 1210
San Francisco, CA 94111
Tel.: (415) 500-6800
Fax: (415) 395-9940
*jsaveri@saverilawfirm.com*
*nherrera@saverilawfirm.com*
*kgibboney@saverilawfirm.com*

*Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 18, 2018, at San Francisco, California.

By: */s/ Joseph C. Hansen*
      Joseph C. Hansen

PROOF OF SERVICE     1     CASE NO. 5:16-CV-05820-EJD-SVK