EXHIBIT G

Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Elizabeth A. Kramer (SBN 293129)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
*dcg@girardgibbs.com*
*je@girardgibbs.com*
*eak@girardgibbs.com*

Todd M. Friedman (State Bar No. 216752)
Adrian R. Bacon (State Bar No. 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Tel: (877) 206-4741
*tfriedman@toddflaw.com*
*abacon@toddflaw.com*
*Attorneys for Plaintiffs*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE HP PRINTER FIRMWARE UPDATE LITIGATION | Case No. 5:16-cv-05820-EJD-SVK<br><br>**PLAINTIFF DELORES LAWTY'S OBJECTIONS AND RESPONSES TO DEFENDANT HP INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiff DeLores Lawty responds and objects to Defendant HP Inc.'s First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Plaintiff objects generally to the Instructions, Definitions, and Requests, and to each individual Interrogatory on the following grounds. Each response set forth below incorporates, is subject to, and does not waive any of these general objections.

1. Plaintiff objects to the Interrogatories to the extent they seek the premature disclosure of information that may or will be the subject of expert reports and testimony, which will be disclosed in accordance with the Court's orders and the applicable rules of civil procedure.

2. Plaintiff objects to the Interrogatories to the extent that they require Plaintiff to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiving any of her Objections, Plaintiff does not intend for her Responses to offer an admission or legal conclusion.

3. Plaintiff objects to the definition of "You," "Your," and/or "Plaintiff" as set forth in Definition No. 3 of the Interrogatories to the extent that the definition, by including information in Plaintiff's counsel's possession, custody, or control, implicates information protected by the attorney-client privilege or work-product doctrine.

4. By providing these responses and objections, Plaintiff does not waive any grounds on which she may object to the use of any response or objection.

5. Plaintiff's investigation is ongoing, and she reserves the right to supplement these responses.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**

Please identify all HP PRINTERS that YOU have purchased in the past five (5) years, including by identifying their model number(s) and serial number(s), and indicate which of YOUR HP PRINTERS YOU allege are at issue in this ACTION.

**RESPONSE TO INTERROGATORY NO. 1**

Plaintiff objects to this Interrogatory because it is compound and overbroad, and to the extent it seeks information that is not relevant to the claims or defenses in this action. Plaintiff also objects to this Interrogatory as cumulative and unduly burdensome to the extent it seeks information already contained in the Consolidated Complaint (Dkt. 60), and as duplicative to the extent it seeks information Plaintiff agreed to produce in response to Defendant's First Set of Requests for Production. Pursuant to Fed. R. Civ. P. 33(d), information regarding Plaintiff's HP printer purchases may be found in documents responsive to Request No. 1 of Defendant's First Set of Requests for Production. Plaintiff also objects to this Interrogatory to the extent it seeks information more readily available to Defendant or that is within Defendant's exclusive possession, custody, or control.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds as follows:

In the last five years, Plaintiff has purchased the following HP printers: one HP OfficeJet Pro 8620 Wireless All-in-One Color Inkjet Printer with Serial Number CN47FC602J and FPU Number A7F65-64001, and one HP OfficeJet Pro 8710 All-In-One Printer with Serial Number CN65RET2DM and FPU Number D9L18-64001.

**INTERROGATORY NO. 2**

For YOUR HP PRINTERS YOU allege are at issue in this ACTION, please identify the date of purchase of YOUR HP PRINTERS, the place of purchase of YOUR HP PRINTERS, the price paid for YOUR HP PRINTERS, and the name of the person who purchased YOUR HP PRINTERS.

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiff objects to this Interrogatory because it is compound and overbroad, and to the extent it seeks information that is not relevant to the claims or defenses in this action. Plaintiff also objects to

this Interrogatory as cumulative and unduly burdensome to the extent it seeks information already contained in the Consolidated Complaint (Dkt. 60), and as duplicative to the extent it seeks information contained in documents Plaintiff agreed to produce in response to Defendant's First Set of Requests for Production. Pursuant to Fed. R. Civ. P. 33(d), information regarding Plaintiff's HP printer purchases may be found in documents responsive to Request No. 1 of Defendant's First Set of Requests for Production. Plaintiff also objects to this Interrogatory to the extent it seeks information more readily available to Defendant or that is within Defendant's exclusive possession, custody, or control.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds as follows:

Plaintiff DeLores Lawty purchased the HP Officejet Pro 8620 Wireless All-in-One Color Inkjet Printer for $167.84 on Amazon, on February 6, 2015. She purchased a replacement printer from HP on September 24, 2016, the HP OfficeJet Pro 8710 All-In-One Printer, for $129.99.

**INTERROGATORY NO. 3**

For YOUR HP PRINTERS YOU allege are at issue in this ACTION, please state all facts relating to the installation and setup of YOUR HP PRINTERS, including the date of installation and setup of YOUR HP PRINTERS, the computers used with YOUR HP PRINTERS, the operating system running on the computers used with YOUR HP PRINTERS, and the connection of YOUR HP PRINTERS to any network.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff responds that she began using her first HP printer in February 2015, and her other HP printer around early October 2016. She connected both printers to an HP computer running on a Microsoft Windows operating system. She does not recall the installation and setup details.

**INTERROGATORY NO. 4**

For YOUR HP PRINTERS YOU allege are at issue in this ACTION, please state all facts regarding the firmware used by YOUR HP PRINTERS, including all facts regarding the download and installation of any firmware updates. The response to this interrogatory should identify whether YOU received these firmware updates by electing to receive automatic firmware updates, electing to receive notifications that prompt YOU to accept or decline the firmware updates, or through manual firmware

updates, such as via download from HP's website. The response to this interrogatory should also identify the version number of the firmware running on YOUR HP PRINTERS at the time YOU contend YOUR THIRD-PARTY CARTRIDGES became inoperable in YOUR HP PRINTERS.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiff objects to this Interrogatory because it is compound and overbroad, and to the extent it seeks information that is not relevant to the claims or defenses in this action. Plaintiff also objects to this Interrogatory as cumulative and unduly burdensome to the extent it seeks information already contained in the Consolidated Complaint (Dkt. 60). Plaintiff additionally objects to this Interrogatory to the extent it seeks information more readily available to Defendant or that is within Defendant's exclusive possession, custody, or control.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds that she does not recall the details of the firmware on her printer.

**INTERROGATORY NO. 5**

For YOUR HP PRINTERS YOU allege are at issue in this ACTION, please identify all ink cartridges that you used and/or purchased for use in YOUR HP PRINTERS, including the model(s) and brand(s) of the ink cartridges, the date of purchase of the ink cartridges, and the price paid for the ink cartridges. The response to this interrogatory should discuss any relevant HP INK CARTRIDGES and THIRD-PARTY INK CARTRIDGES.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff objects to this Interrogatory as compound, overbroad, and unduly burdensome. Plaintiff further objects to this Interrogatory to the extent it seeks information that is not relevant to the claims or defenses in this action. Plaintiff also objects to this Interrogatory as duplicative to the extent it seeks information contained in documents Plaintiff agreed to produce in response to Defendant's First Set of Requests for Production. Pursuant to Fed. R. Civ. P. 33(d), information regarding Plaintiff's cartridge purchases may be found in documents responsive to Request No. 1 of Defendant's First Set of Requests for Production.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds as follows:

Plaintiff's HP Officejet Pro 8620 All-in-One Wireless Color Inkjet Printer came with a full set of HP ink cartridges. She used those cartridges until the color cartridges ran out of ink in or around June 2016, at which point she purchased a two-pack of FreeSUB ink cartridges, compatible with printers using HP 950XL and 951XL cartridges, for $34.88 on Amazon. The two-pack contained two each of yellow, magenta, and cyan cartridges, and 6 black cartridges.

Plaintiff used the color cartridges (and continued using the original HP black cartridge that came with the printer but had not yet run out) until around September 15, 2016, when her printer stopped working. She replaced all the cartridges in the printer with FreeSUB cartridges. The printer still would not work. Plaintiff then ordered a pack of HP 951 color ink cartridges for $52.49, and an HP 950XL black cartridge for $36.99, on Amazon. When the new HP ink arrived and Plaintiff placed it into the printer, the printer still would not work.

When Plaintiff purchased the replacement HP printer, an HP representative signed Plaintiff up for HP Instant Ink.

**INTERROGATORY NO. 6**

Please state all facts concerning any THIRD-PARTY INK CARTRIDGES that YOU contend YOU were unable to use in YOUR HP PRINTERS as a result of the FIRMWARE UPDATE, including identifying the make(s), model(s), and serial number(s) of the THIRD-PARTY INK CARTRIDGES that YOU contend became inoperable as well as the dates during which the THIRD-PARTY INK CARTRIDGES were used with YOUR HP PRINTERS and the date on which YOU contend the THIRD-PARTY INK CARTRIDGES became inoperable.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff objects to this Interrogatory as overbroad and to the extent it seeks information that is not relevant to the claims or defenses in this action. Plaintiff further objects to this Interrogatory as cumulative and unduly burdensome to the extent it seeks information already contained in the Consolidated Complaint (Dkt. 60). Plaintiff also objects to this Interrogatory as duplicative of previous Interrogatories and because it seeks information contained in documents Plaintiff agreed to produce in response to Defendant's First Set of Requests for Production. Pursuant to Fed. R. Civ. P. 33(d),

information regarding Plaintiff's cartridge purchases may be found in documents responsive to Request No. 1 of Defendant's First Set of Requests for Production.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds as follows:

On or around September 15, 2016, Plaintiff attempted to print a document using her HP Officejet Pro 8620 printer with FreeSUB color ink cartridges and a black HP cartridge corresponding to HP models 950XL and 951XL. Although she had recently purchased the cartridges and had successfully printed with them before, on this occasion she was unable to print and received the following error message: "Non-HP Cartridges. HP cannot guarantee the quality or reliability of non-HP supplies." Plaintiff replaced these cartridges with another set of FreeSUB cartridges. The printer still would not work.

**INTERROGATORY NO. 7**

Please identify all THIRD-PARTY INK CARTRIDGES YOU have purchased in the past five (5) years.

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiff objects to this Interrogatory because it is overbroad and unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses in this action. In particular, the Interrogatory is overbroad because it is not limited to the third-party ink cartridges Plaintiff used with the HP printer at issue in this case. Plaintiff further objects to this Interrogatory as duplicative of previous Interrogatories and because it seeks information contained in documents Plaintiff agreed to produce in response to Defendant's First Set of Requests for Production. Pursuant to Fed. R. Civ. P. 33(d), information regarding Plaintiff's cartridge purchases may be found in documents responsive to Request No. 1 of Defendant's First Set of Requests for Production.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds as follows:

In the last five years, Plaintiff purchased a two-pack of FreeSUB brand ink cartridges, including 6 black, 2 cyan, 2 magenta, and 2 yellow cartridges, as replacements for HP models 950XL and 951XL.

1  **INTERROGATORY NO. 8**

2  Please state all facts relating to YOUR allegations in paragraph 119 of YOUR COMPLAINT,

3  including but not limited to YOUR allegations that "[e]ven consumers who were able to download and

4  install HP's remedial update cannot use their Class Printers to print and scan documents."

5  **RESPONSE TO INTERROGATORY NO. 8**

6  Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and to the extent it

7  seeks information that is not relevant to the claims or defenses in this action.

8  Subject to and without waiving the General Objections and the foregoing specific objections,

9  Plaintiff responds that she relied on the investigation of counsel in this area. Plaintiff's experience with

10  the patch appears below in response to Interrogatory No. 9.

11  **INTERROGATORY NO. 9**

12  Did you download and/or install the FIRMWARE PATCH? If so, please state all facts regarding

13  your download and/or installation of the FIRMWARE PATCH, including the date(s) of download

14  and/or installation.

15  **RESPONSE TO INTERROGATORY NO. 9**

16  Plaintiff objects to this Interrogatory as cumulative and unduly burdensome to the extent it

17  seeks information already contained in the Consolidated Complaint (Dkt. 60). Plaintiff further objects

18  to this Interrogatory to the extent it seeks information that is not relevant to the claims or defenses in

19  this action.

20  Subject to and without waiving the General Objections and the foregoing specific objections,

21  Plaintiff responds as follows:

22  Over the course of her communications with HP customer service, HP's representatives never

23  told Plaintiff about the patch. Instead, an HP representative directed her to purchase a new HP printer,

24  (which she did), and an HP representative signed Plaintiff up for an HP Instant Ink subscription.

25  Several weeks after purchasing the new HP printer, Plaintiff learned about the existence of the

26  patch. She installed the patch onto her first HP printer to see if would get the printer to work. The

27  printer still would not work.

28

Case No. 5:16-cv-05820-EJD-SVK  7

PLAINTIFF DELORES LAWTY'S OBJECTIONS AND RESPONSES
TO DEFENDANT HP INC.'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 10**

Please IDENTIFY, to the fullest extent possible, all statements or communications between YOU and any PERSON regarding the HP PRINTERS, HP INK CARTRIDGES, THIRD-PARTY INK CARTRIDGES, YOUR COMPLAINT, and/or the ACTION, including but not limited to any putative class member, any current or former HP employees, and any manufacturers or distributors of THIRD-PARTY INK CARTRIDGES, excluding only privileged communications between YOU and YOUR counsel. The response to this interrogatory should identify the names of each communicant, the dates of each communication, the reason for each communication, the substance of each communication, and the outcome of each communication.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiff objects to this Interrogatory as duplicative, compound, overly broad, unduly burdensome, and calling for information that is not relevant to the claims or defenses in this action. In particular, the Interrogatory is overbroad because it is not limited to the conduct at issue in this case. Plaintiff further objects to this Interrogatory to the extent it seeks information more readily available to Defendant or within Defendant's exclusive possession, custody, or control.

Plaintiff also objects to this Interrogatory to the extent it seeks the contents of communications between Plaintiff's counsel and Plaintiff, or information subject to the attorney-client privilege, the work-product doctrine, or other privilege protection. Plaintiff further objects to this Interrogatory to the extent it seeks information contained in documents Plaintiff agreed to produce in response to Defendant's First Set of Requests for Production.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds as follows:

After the failure of her HP printer in September 2016, Plaintiff communicated with HP customer service. Plaintiff spent several hours on the phone with HP representatives attempting to resolve the issues with her printer. Plaintiff later communicated with HP customer service to attempt to terminate her enrollment in HP's Instant Ink Program.

Additionally, Plaintiff left a comment on an online news article entitled "HP Apologizes over Aftermarket-Cartridge-Killing Firmware Update, Will Offer Fix for Affected Customers." The comment is reflected in Plaintiff's document production.

**<u>INTERROGATORY NO. 11</u>**

Please state all facts relating to all the error messages YOU allege were displayed on YOUR HP PRINTERS in connection with YOUR use of YOUR THIRD-PARTY INK CARTRIDGES, including the exact language of the error messages and any action that you took in response to the error messages.

**<u>RESPONSE TO INTERROGATORY NO. 11</u>**

Plaintiff objects to this Interrogatory because it is compound and overbroad, and to the extent it seeks information that is not relevant to the claims or defenses in this action. Plaintiff further objects to this Interrogatory to the extent it seeks information more readily available to Defendant or within Defendant's exclusive possession, custody, or control. Plaintiff also objects to this Interrogatory as cumulative and unduly burdensome to the extent it seeks information already contained in the Consolidated Complaint (Dkt. 60), and as duplicative to the extent it seeks information contained in documents Plaintiff agreed to produce in response to Defendant's First Set of Requests for Production. Pursuant to Fed. R. Civ. P. 33(d), information regarding Plaintiff's HP printer purchases may be found in documents responsive to Request Nos. 22 and 27 of Defendant's First Set of Requests for Production.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds as follows:

On September 15, 2016, Plaintiff attempted to print a document using her HP Officejet Pro 8620 printer with FreeSUB color ink cartridges and an HP black ink cartridge. Although she had successfully printed with these same cartridges for months, on this occasion she was unable to print and received the following error message: "Non-HP Cartridges. HP cannot guarantee the quality or reliability of non-HP supplies." Plaintiff tried turning the printer off, then on. It still would not print. Plaintiff then replaced the cartridges with a new full set of FreeSUB remanufactured ink cartridges. After this replacement, the printer still did not work. Plaintiff then purchased and installed a new set of HP ink cartridges, but her printer still did not work.

Case No. 5:16-cv-05820-EJD-SVK 9

PLAINTIFF DELORES LAWTY'S OBJECTIONS AND RESPONSES
TO DEFENDANT HP INC.'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 12**

Please state all facts relating to YOUR allegations that HP represented through written statements that YOUR HP PRINTERS would be compatible with YOUR THIRD-PARTY INK CARTRIDGES.

**RESPONSE TO INTERROGATORY NO. 12**

Plaintiff objects to this Interrogatory as cumulative and unduly burdensome because she has already stated the facts that are the subject of the Interrogatory in the Consolidated Complaint (Dkt. 60). Plaintiff further objects to this Interrogatory to the extent it would require Plaintiff to draw legal conclusions and is predicated on legal conclusions and arguments. Plaintiff also objects to this Interrogatory as premature, overly broad, and subject to development through discovery, including expert discovery. Plaintiff also objects to this Interrogatory to the extent it seeks information more readily available to Defendant or within Defendant's exclusive possession, custody, or control.

**INTERROGATORY NO. 13**

Please IDENTIFY, to the fullest extent possible, the injury YOU claim you suffered based on the allegations in YOUR COMPLAINT. The response to this interrogatory should include the quantification of all such "injury," as well as the basis for that quantification.

**RESPONSE TO INTERROGATORY NO. 13**

Plaintiff objects to this Interrogatory as cumulative and unduly burdensome because she has already stated the nature of and the basis for her injuries in the Consolidated Complaint (Dkt. 60). Plaintiff further objects to this Interrogatory as premature and subject to development through discovery, including expert discovery. Plaintiff also objects to this Interrogatory to the extent it would require Plaintiff to draw legal conclusions and is predicated on legal conclusions and arguments. Plaintiff further objects to this Interrogatory as cumulative of information Plaintiff provided in her initial disclosures. Pursuant to Fed. R. Civ. P. 33(d), information regarding Plaintiff's printer and ink purchases may be found in documents responsive to Defendant's First Set of Requests for Production.

**INTERROGATORY NO. 14**

Please describe, to the fullest extent possible, how YOU became a named plaintiff in this ACTION including but not limited to the means by which YOU first came in contact with YOUR

counsel or by which YOUR counsel first came in contact with YOU, the dates on which YOU first communicated with YOUR counsel, and any prior relationship YOU had with YOUR counsel, excluding only privileged communications between YOU and YOUR counsel.

**RESPONSE TO INTERROGATORY NO. 14**

Plaintiff objects to this Interrogatory because it seeks information and communications in contemplation of litigation that is, consequently, protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff also objects to this Interrogatory as compound, overbroad, and unduly burdensome. Plaintiff further objects to this Interrogatory to the extent it seeks information that is not relevant to the claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds that she first contacted her counsel in late September 2016 by email.

**INTERROGATORY NO. 15**

Please IDENTIFY any other class action cases in which YOU have served or attempted to serve as a named plaintiff.

**RESPONSE TO INTERROGATORY NO. 15**

Plaintiff objects to this Interrogatory as seeking information that is not relevant to the claims or defenses in this action.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff responds that she has never before served or attempted to serve as a named plaintiff in a class action.

| | |
|---|---|
| Dated: September 29, 2017 | By:     /s/ *Elizabeth A. Kramer* <br>        Elizabeth A. Kramer |

Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Elizabeth A. Kramer (SBN 293129)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dcg@girardgibbs.com*
*je@girardgibbs.com*
*eak@girardgibbs.com*

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, California 91367
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*tfriedman@toddflaw.com*
*abacon@toddflaw.com*

Joseph R. Saveri (SBN 130064)
Nicomedes S. Herrera (SBN 275332)
Kyla J. Gibboney (SBN 301441)
**JOSEPH SAVERI LAW FIRM, INC.**
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
*jsaveri@saverilawfirm.com*
*nherrera@saverilawfirm.com*
*kgibboney@saverilawfirm.com*

Daniel R. Karon
**KARON LLC**
700 W. St. Clair Avenue, Ste. 200
Cleveland, Ohio 44113
Telephone: (216) 622-1851
Facsimile: (216) 241-8175
*dkaron@karonllc.com*

Taylor Bartlett (admitted *pro hac vice*)
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 380-8085
*taylor@hgdlawfirm.com*

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Anne von Goetz, hereby declare as follows:

I am employed by Girard Gibbs LLP, 601 California Street, Suite 1400, San Francisco, California 94108. I am over the age of eighteen years and am not a party to this action. On September 29, 2017, I served the following document *via Email*:

**PLAINTIFF DELORES LAWTY'S OBJECTIONS AND RESPONSES TO DEFENDANT HP INC.'S FIRST SET OF INTERROGATORIES**

On:

Samuel G. Liversidge
Rodney J. Stone
Jared M. Strumwasser
Stephanie Thorpe
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7365
Facsimile: (213) 229-6365
Email: sliversidge@gibsondunn.com
Email: rstone@gibsondunn.com
Email: jstrumwasser@gibsondunn.com
Email: sthorpe@gibsondunn.com

*Counsel for Defendant HP*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 29 2017, at San Francisco, California.

Anne von Goetz

Case No. 5:16-cv-05820-EJD-SVK
14
PLAINTIFF DELORES LAWTY'S OBJECTIONS AND RESPONSES
TO DEFENDANT HP INC.'S FIRST SET OF INTERROGATORIES