# Exhibit A

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Elizabeth A. Kramer (State Bar No. 293129)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dcg@girardgibbs.com*
*je@girardgibbs.com*
*eak@girardgibbs.com*

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

Samuel G. Liversidge (State Bar No. 180578)
Rodney J. Stone (State Bar No. 145405)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7365
Facsimile: (213) 229-6365
*sliversidge@gibsondunn.com*
*rstone@gibsondunn.com*

*Attorneys for Defendant HP Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE HP PRINTER FIRMWARE UPDATE LITIGATION | Case No. 5:16-cv-05820-EJD-SVK<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release dated September 18, 2018 (the "Agreement"), is made and entered into by and among: (i) Plaintiffs Richard San Miguel, DeLores Lawty, Richard Faust, Christopher Ware, and James Andrews, on behalf of themselves and each of the members of the Class (as defined herein), by and through their counsel in the instant action ("Class Counsel"), and (ii) Defendant HP Inc. ("HP," the "Company," or "Defendant"), by and through its counsel of record.  The Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein) as against Defendant, subject to the approval of the Court and the terms and conditions set forth in this Agreement.

## I.    RECITALS

WHEREAS, on October 7, 2016, Plaintiffs Richard San Miguel and DeLores Lawty filed a Complaint in this action (Dkt. 1);

WHEREAS, on March 15, 2017, the Court granted the Parties' stipulation to consolidate this action with the related actions, *Ware v. HP Inc*., No. 5:16-cv-06519, and *Doty v. HP, Inc.*, No. 5:17-cv-00521 (Dkt. 59);

WHEREAS, on March 22, 2017, Plaintiffs filed a Consolidated Complaint (Dkt. 60), which HP moved to dismiss on April 21, 2017 (Dkt. 66);

WHEREAS, on July 14, 2017, the Parties appeared before this Court for argument on HP's motion;

WHEREAS, the Parties thereafter engaged in significant discovery into the claims and defenses, including through review and analysis of thousands of pages of documents and the depositions of each named Plaintiff and of two HP corporate representatives under Fed. R. Civ. P. 30(b)(6);

WHEREAS, on November 22, 2017, the Court granted the Parties' stipulation regarding a schedule for class certification proceedings (Dkt. 87);

WHEREAS, on February 7, 2018, Plaintiffs filed a Motion for Class Certification (Dkt. 91);

WHEREAS, on February 8, 2018, the Court granted the Parties' stipulation regarding the filing of the Amended Consolidated Complaint (Dkt. 88), which Plaintiffs thereafter filed (Dkt. 94);

1       WHEREAS, on March 29, 2018, the Court entered an order granting in part and denying in part
2  HP's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint and permitting Plaintiffs to file a
3  second amended complaint (Dkt. 97);

4       WHEREAS, on April 3, 2018, the Court entered the Parties' stipulation to abate the then-
5  existing dates for the class certification proceedings (Dkt. 100), and on April 11, 2018, the Court
6  granted a further extension of the case schedule to allow the Parties to continue discussions on
7  streamlining the litigation in light of the Court's Order on HP's Motion to Dismiss (Dkt. 102);

8       WHEREAS, the Parties informed the Court that they were exploring resolution, and on May 31,
9  2018, the Court granted the Parties' request to allow additional time for those efforts by extending
10  Plaintiffs' deadline to file a second amended complaint to July 12, 2018 (Dkt. 105);

11       WHEREAS, on July 12, 2018, the Parties informed the Court that they had reached an
12  agreement in principle to settle this litigation (Dkt. 106);

13       WHEREAS, on July 13, 2018, the Court entered the Parties' stipulation providing for the
14  vacatur of then-existing case deadlines and a due date of September 11, 2018, for Plaintiffs' motion for
15  preliminary approval of class action settlement (Dkt. 107);

16       WHEREAS, Plaintiffs in entering into this Agreement recognize and acknowledge the expense
17  and time it would take to prosecute this action through trial and any subsequent appeals, and the risk
18  that this action could ultimately be unsuccessful in light of HP's defenses;

19       WHEREAS, HP has asserted and would assert numerous defenses to the claims alleged by
20  Plaintiffs and expressly denies each of the claims and allegations asserted against HP and any and all
21  liability arising out of the conduct alleged in the complaint;

22       WHEREAS, HP acknowledges that further litigation of this action could be protracted and
23  expensive, and HP has also taken into account the uncertainty and risks inherent in any litigation,
24  especially in complex cases such as this;

25       WHEREAS, Plaintiffs and HP have therefore each independently determined that it is desirable
26  and beneficial for this action to be fully and finally resolved in the manner and upon the terms and
27  conditions set forth in this Agreement; and

28

WHEREAS, by entering into this Agreement, HP does not admit any wrongdoing and this Agreement is not and shall not constitute an admission of liability by HP.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs (for themselves and the Class Members) and HP, by and through its counsel, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties and their Related Parties (as defined below), upon and subject to the terms and conditions of the Agreement, as follows.

**II.     TERMS AND CONDITIONS OF AGREEMENT**

**1.  Definitions**

As used in the Agreement the following terms have the meanings specified below:

1.1     "Administrative Expenses" means the cost of the notice program relating to this Settlement and the reasonable costs of processing and administering claims and disbursements of consideration, and other necessary and reasonable administrative expenses relating to this Settlement.

1.2     "Agreement" or "Settlement Agreement" or "Settlement" means this Settlement Agreement and Release.

1.3     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Agreement.

1.4     "Claims Administrator" means Epiq Systems, or such other claims administrator as the Court shall approve.

1.5     "Claims Deadline" means the date set forth in the Notice by which Class Members must submit the Claim Form, which shall be one hundred and twenty (120) days after entry of the Preliminary Approval Order or such other time as may be set by the Court.

1.6     "Claim Form" means a document, substantially in the form of **Exhibit 2** hereto, that a Class Member must complete and submit to receive a payment from the Net Settlement Fund.

1.7     "Class" means all Persons who owned a Class Printer during the period from March 1, 2015 through December 31, 2017.  Excluded from the Class are HP, its officers, directors, and affiliates at all relevant times, members of their immediate families and their legal representatives,

heirs, successors or assigns, and any entity in which HP had or has a controlling interest.   Also excluded from the Class are those Persons who timely and validly request exclusion, as set forth below.

   1.8   "Class Printer" means any of the following product models:

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815
- HP OfficeJet 6820
- HP OfficeJet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610
- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630
- HP OfficeJet Pro X551dw
- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

   1.9    "Class Member" means a Person who falls within the definition of the Class as set forth above and does not exercise their right to opt out of the Class before the Opt-Out Deadline.

   1.10   "Court" means the United States District Court for the Northern District of California.

   1.11   "Defendant," "HP," and the "Company" mean HP Inc., and its present and former parents, subsidiaries, divisions, affiliates, and each of its respective present and former employees, agents, officers, directors, controlling shareholders, attorneys, predecessors, and successors.

   1.12   "Dynamic Security" means an HP-developed technology which causes Class Printers to run authentication checks that change over time on installed ink cartridges to determine whether the ink cartridges contain a non-HP security chip, and that may prevent Class Printers from operating with any such ink cartridges.

   1.13   "Effective Date," or the date upon which this Settlement becomes "effective," means the date the Court has entered the Final Order and Judgment and the Final Order and Judgment has been

upheld through the resolution of all appeals and writs of certiorari, and through the expiration of all time to appeal and file writs of certiorari, except that the Effective Date shall not be delayed by a modification of or appeal from those parts of the Final Order and Judgment that (i) pertains to either the Plan of Allocation or the Fee and Expense Award; and (ii) has no effect on this Agreement becoming binding, effective, and final in its entirety between Releasing Plaintiffs, Class Members, and Defendant.

1.14    "Escrow Account" means the segregated and separate escrow account designated and controlled by the Escrow Agent at one or more national banking institutions into which the Settlement Amount shall be deposited for the benefit of Class Members.

1.15    "Escrow Agent" means Epiq Class Action & Claims Solutions, Inc. ("Epiq"), or other neutral third party agreed to by the Settling Parties.

1.16    "Fee and Expense Award" means the order awarding attorneys' fees and reimbursement of actual costs and expenses incurred by Class Counsel in the Litigation.

1.17    "Final Approval Hearing" means the hearing to be requested by the Settling Parties and conducted by the Court, following notice to the Class and an opportunity for Class Members to exclude themselves from the Class or object to the Settlement, at which time Plaintiffs shall move the Court to finally approve the fairness, reasonableness and adequacy of the Settlement and to enter the final approval order.

1.18    "Final Order and Judgment" means an order, substantially in the form of **Exhibit 5** hereto, to be entered by the Court in this Action granting final approval of this Settlement Agreement and dismissing the Litigation with prejudice.

1.19    "Litigation" means the action captioned *In re HP Printer Firmware Update Litigation*, Case No. 4:16-cv-05820-EJD-SVK**.**

1.20    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses and other Court-approved deductions.

1.21    "Notice" means the Notices of Proposed Settlement of Class Action, which, subject to Court approval, shall be substantially in the forms attached hereto as **Exhibit 1**.

1.22    "Objection Date" means the date set forth in the Notice by which Class Members must object to the Settlement, which shall be seventy-five (75) days after entry of the Preliminary Approval Order or such other time as may be set by the Court.

1.23    "Opt-Out Deadline" means the date set forth in the Notice by which Class Members must request exclusion from the Class, which shall be seventy-five (75) days after entry of the Preliminary Approval Order or such other time as may be set by the Court.

1.24    "Parties" or "Settling Parties" means Plaintiffs and HP collectively.

1.25    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and including any of their heirs, successors, representatives, or assigns.

1.26    "Plaintiffs" means Richard San Miguel, DeLores Lawty, Richard Faust, Christopher Ware, and James Andrews.

1.27    "Plan of Allocation" means the plan for allocating the Net Settlement Fund set forth in **Exhibit 3** hereto, or such other plan for allocating the Net Settlement Fund approved by the Court.

1.28    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as **Exhibit 4**.

1.29    "Related Parties" means, as applicable, each of a person or entity's respective present and former parents, subsidiaries, divisions, affiliates, and each of their and a person or entity's respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, agents, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, and any entity in which a person or entity has a controlling interest.

1.30    "Released Claims" means, with respect to claims released by Plaintiffs, any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands of any kind whatsoever, known or unknown, matured or unmatured, at law or in equity, existing under federal or state law, that relate to Dynamic Security and/or any representations regarding the ability to use third-party ink

cartridges with the Class Printers, and that were or could have been alleged in the Litigation. "Released Claims" means, with respect to claims released by HP, any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands of any kind whatsoever, known or unknown, matured or unmatured, at law or in equity, existing under federal or state law, that arise out of or relate in any way to the institution, prosecution or settlement of the Litigation and that could have brought by HP against the named plaintiffs in the Litigation. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

1.31    "Releasing Plaintiffs" means Plaintiffs and each Class Member.

1.32    "Settlement Amount" means One Million Five Hundred Thousand Dollars ($1,500,000.00), which shall be paid to the Escrow Agent by HP, as detailed in Section 2 below, within seven (7) days after the entry of the Final Order and Judgment.

1.33    "Settlement Fund" means the Settlement Amount, together with all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.34    "Summary Notice" means the summary form of notice for postcard mailing, which, subject to approval of the Court, shall be substantially in the form attached hereto as **Exhibit 1-B**.

1.35    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

## 2.    The Settlement

*a.    Settlement Consideration*

2.1    Within seven (7) days after the entry of the Final Approval Order, HP shall pay or cause to be paid the Settlement Amount in accordance with instructions to be provided by the Escrow Agent. The Settlement Amount may be paid by wire transfer, by delivering to the Escrow Agent a check or checks payable to the Settlement Fund, by any combination of those methods, or in any other manner agreed upon by Plaintiffs and HP.  Within seven (7) days of execution of this Agreement, the Escrow Agent shall furnish to HP's counsel adequate payment instructions consisting of wire transfer

1  instructions, instructions for payment by check, and a completed IRS Form W-9 for the Settlement
2  Fund, including an address and tax ID number.

3      2.2    HP shall pay all Administrative Expenses. The Parties will agree upon a plan for
4  necessary and reasonable Administrative Expenses, which will be made available to the Court upon
5  request. The Claims Administrator shall cause periodic invoices to be sent to HP reflecting
6  Administrative Expenses incurred, and HP shall timely reimburse the Claims Administrator for those
7  expenses. HP retains the right to dispute any expenses that are inconsistent with the Parties'
8  Administrative Expenses plan. In the event this Agreement receives preliminary but not final approval
9  and Administrative Expenses are incurred, payment of those expenses shall remain the sole obligation
10  of HP.

11      2.3.    HP has released firmware that disables Dynamic Security for the Class Printers. HP will
12  not at any time take any action to employ Dynamic Security on the Class Printers, including by
13  releasing or otherwise making available firmware that enables Dynamic Security.  Additionally, HP
14  will implement and maintain internal customer service procedures to respond to Class Member
15  inquiries regarding whether Dynamic Security has been disabled on their Class Printer and provide
16  assistance as appropriate.

17      *c.    The Escrow Agent*

18      2.4.    The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a
19  segregated Escrow Account maintained by the Escrow Agent.

20      2.5.    The Escrow Agent may invest the Settlement Amount deposited pursuant to ¶ 2.1 hereof
21  in United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit
22  of the United States Government or an Agency thereof, or fully insured by the United States
23  Government or an Agency thereof, and may reinvest the proceeds of these instruments as they mature
24  in similar instruments at their then-current market rates.  All risks related to the investment of the
25  Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne
26  by the Settlement Fund and Defendant shall have no responsibility for, interest in, or liability
27  whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions
28  executed by the Escrow Agent.

2.6.     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Agreement and by an order of the Court.

2.7.     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Agreement, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Agreement.   Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent in its capacity as such.

2.8.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

2.9.     Upon the occurrence of the Effective Date, neither Defendant nor any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶ 7.5 below.

*d.     Tax Provisions*

2.10.    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.11.    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.   The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect

to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.10 hereof) shall be consistent with ¶ 2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

2.12.   All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendant or its counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of these Tax provisions (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 2.10) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events Defendant and its counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of Defendant and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)); neither Defendant nor its counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out these Tax provisions.

d.   *Termination of Settlement*

2.13.   If the Settlement Amount is not timely paid to the Escrow Agent pursuant to ¶ 2.1, Plaintiffs may terminate the Settlement but only if (a) Class Counsel has notified Defendant's counsel

in writing of Class Counsel's intention to terminate the Settlement, and (b) the Settlement Amount is not transferred to the Escrow Agent within ten (10) days after Class Counsel have provided such written notice.  Failure by Class Counsel or the Escrow Agent to timely furnish adequate payment instructions to HP pursuant to ¶ 2.1 shall not be a basis for termination under this section and any delay in providing such instructions shall extend the period in which the Settlement Amount is be paid under ¶ 2.1 by an equivalent number of days.

2.14.   In the event that the Agreement is not approved, or fails to become effective for any reason, the Settlement Fund, including accrued interest and less Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement as provided for herein, shall be refunded to Defendant pursuant to written instructions from counsel for Defendant.

2.15.   Defendant acknowledges that it has no right to reversion of any portion of the Settlement Fund unless the Agreement is not approved or fails to become effective for any reason.

**3.      Preliminary Approval Order and Final Approval Hearing**

3.1      Promptly after execution of the Agreement, Plaintiffs shall submit the Agreement together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Agreement; setting of dates for the mailing of the Notice, Claims Deadline, Opt-Out Deadline, Objection Date, and Final Approval Hearing; approval of the Claims Administrator; approval of the Notice; approval of the Claim Form; and approval of the publication of the Summary Notice.  The Notice shall include general information regarding the terms of the Settlement set forth in the Agreement and the proposed Plan of Allocation and the date of the Final Approval Hearing.

3.2      Any Class Member who wishes to opt out of the Class must submit a timely written request for exclusion on or before the Opt-Out Deadline, in the manner specified in the Court's Preliminary Approval Order and Notice.  Any Class Member who does not submit a timely written request for exclusion will be bound by all proceedings, orders and judgments in the Litigation, whether or not he, she, or it timely submits a Claim Form.

3.3      Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or the application of Class Counsel for a Fee and Expense Award and/or for service

awards for Plaintiffs, must timely do so in the manner specified in the Court's Preliminary Approval Order.

3.4     Plaintiffs will request that after notice to Class Members is given and Class Members have had an opportunity to exclude themselves from the Class or object to the Settlement, the Court hold the Final Approval Hearing and approve the settlement of the Litigation as set forth herein.  At the Final Approval Hearing, Class Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award.

3.5.    For purposes of the Settlement only, the Parties stipulate to the certification of the Class defined herein pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Parties stipulate to certification, for settlement purposes only, of this Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant does not agree to class certification for any purpose other than to effectuate this Settlement. Defendant expressly reserves its right to contest certification in the event this Settlement is not approved or fails to become effective for any reason.

**4.      Releases**

4.1     Upon the Effective Date, all Releasing Plaintiffs and anyone claiming through or on behalf of any of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendant.  Upon the Effective Date, the Releasing Plaintiffs shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any Released Claim against Defendant.

4.2     Upon the Effective Date, Defendant shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the named plaintiffs in the Litigation, and Class Counsel, whether arising under federal, state, common or foreign law.  Upon the Effective Date, Defendant shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting Released Claims against any of the named plaintiffs in the Litigation and Class Counsel.

4.3     In exchange for the releases and other consideration set forth herein, including full payment of the Settlement Amount, Plaintiffs will dismiss Defendant with prejudice from the Litigation as set forth herein.

4.4     The Settling Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Settling Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under this Agreement.

**5.      Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Court shall have and retain exclusive jurisdiction over the Settlement Fund, which shall be applied to pay the Taxes and Tax Expenses described in the Tax Provisions herein and, after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Plan of Allocation or the Court.

5.3     After the Effective Date, and in accordance with the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within one hundred twenty (120) days after the entry of the Preliminary Approval Order or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Claim Form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Agreement and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Agreement, the releases contained herein, and the Final Order and Judgment.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted

claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  Class Counsel shall also have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted.

5.6    Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a claim in whole or in part, the Claims Administrator shall communicate with the claimant to give him, her, or it the opportunity to remedy any curable deficiencies in the claim submitted.  The Claims Administrator shall notify all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶ 5.7 below.

5.7    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency wishes to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in ¶ 5.6 above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

5.8    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation attached hereto, summarized in the Notice, and approved by the Court.

5.9    Defendant and its Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid to Authorized Claimants from the Settlement Fund; or (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith.  No Person shall have any claim of any kind against Defendant or its Related Parties with respect to the matters set forth in ¶¶ 5.1–5.9 hereof; and the Class Members, Plaintiffs, and Class Counsel release

Defendant and its Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.10    No Person shall have any claim against Plaintiffs, Class Counsel or the Claims Administrator, or any other Person designated by Class Counsel, based on determinations or distributions made substantially in accordance with this Agreement and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in this Agreement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Agreement or affect the finality of the Court's Final Order and Judgment approving the Agreement and the settlement set forth herein.

**6.    Class Counsel's Attorneys' Fees and Expenses; Service Awards**

6.1    Class Counsel shall apply to the Court for the Fee and Expense Award to be paid by HP. HP reserves the right to oppose any application, except that HP shall not dispute that plaintiffs are successful parties for purposes of California Code of Civil Procedure section 1021.5, and that Class Counsel are entitled to reimbursement of out-of-pocket litigation costs actually and reasonably incurred.  HP reserves all arguments with respect to the amount of fees and costs to which Class Counsel is entitled under the applicable law.  HP shall pay Class Counsel the Fee and Expense Award within ten (10) days after the Effective Date pursuant to instructions to be delivered by Class Counsel within three (3) days after the Effective Date.

6.2.    Subject to approval of the Court, HP shall pay each Plaintiff a service or incentive award of $5,000.  Such awards shall be in addition to any individual payments to which each Plaintiff may be entitled within the claims process. Such awards shall be paid by HP to Class Counsel, for delivery to each Plaintiff, within ten (10) days after the Effective Date pursuant to instructions to be delivered by Class Counsel within three (3) days after the Effective Date.

6.3     In the event that the Effective Date does not occur, or the Final Order and Judgment or the order making the Fee and Expense Award is reversed or modified, or this Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid, then Class Counsel, including its partners and/or shareholders who have received any portion of the Fee and Expense Award shall, within twenty (20) days after receiving notice from HP's counsel or from a court of competent jurisdiction, refund to HP the Fee and Expense Award.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any plaintiff's counsel for attorneys' fees and expenses, or any Plaintiff for a service or incentive award, are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Agreement, and any order or proceeding relating to the Fee and Expense Application, or application for service award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Agreement, or affect or delay the finality of the Final Order and Judgment approving the Agreement and the settlement of the Litigation set forth herein.

6.5.    Defendant and its Related Parties are not entitled to any award of fees or expenses from the Settlement Fund.

6.6     Defendant and its Related Parties shall have no responsibility for the allocation among Class Counsel, or any other plaintiff's counsel or Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     This Agreement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order;

(b)     the Court has entered the Final Order and Judgment; and

(c)     the Settlement Amount has been deposited into the Escrow Account.

7.2     Upon the Effective Date, any and all remaining interest or right of Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3     HP may terminate this Agreement if, after the Opt-Out Deadline, the Claims Administrator determines that the number of timely and valid opt-out requests exceeds 12,000 (the "Opt-out Threshold").  Requests for exclusion from persons or entities who would not otherwise meet the Class definition do not count toward the Opt-Out Threshold.  If HP elects to terminate this Agreement pursuant to this paragraph, it will give notice to Class Counsel within fourteen days after the Claims Administrator determines and reports to the Parties the number of timely and valid opt-out requests.

7.4     In the event that the Agreement or the settlement set forth in the Agreement is not approved by the Court or otherwise fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of March 30, 2018.  In such event, the terms and provisions of the Agreement, except ¶¶ 2.12–2.15, 6.3 and 7.3–7.5, shall be null and void, have no further force and effect, and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc*, and shall not be used in the Litigation or in any other proceeding for any purpose.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any service award, or any attorneys' fees, costs, expenses, and interest awarded by the Court to Class Counsel or any other plaintiff's counsel shall operate to terminate or cancel this Agreement or constitute grounds for cancellation or termination of the Agreement.

7.5     If the Effective Date does not occur, or if the Agreement is terminated pursuant to its terms, HP shall remain obligated to reimburse the Claims Administrator for all Administrative Expenses incurred by the Claims Administrator, and the Claims Administrator shall have no obligation to repay any Administration Expenses for which it has been paid by HP.

**8.     Miscellaneous Provisions**

8.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

8.2     The Settling Parties and their respective counsel agree that they will act in good faith and will not engage in any conduct that could frustrate the purposes of this Agreement.

8.3     The Settling Parties and their respective counsel will not make any public statement that is inconsistent with the Parties' objective of securing court approval of the Settlement.

8.4     The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement have been by mutual understanding after negotiation, with consideration by, and participation of, the Settling Parties and their counsel.  This Agreement shall not be construed against any Settling Party on the basis that it was the drafter or participated in the drafting.  Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Settling Parties agree that the drafting of this Agreement has been a mutual undertaking.

8.5     The Settling Parties intend this Agreement to effect a final and complete resolution of all disputes and claims between Releasing Plaintiffs, on the one hand, and Defendant, on the other hand, with respect to the Litigation.  The Settlement resolves claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and California Code of Civil Procedure § 128.7.  The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.6     Neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigation of any wrongdoing, fault, or liability of Defendant or its Related Parties, or that Plaintiffs or any Class Members have suffered any damages, harm, or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission on the part of Defendant or its Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

8.7     Defendant may file this Agreement and/or the Final Order and Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim.

8.8     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Agreement.

8.9     All of the Exhibits to the Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

8.10    The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.11    The Agreement and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.12    Class Counsel, on behalf of the Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Class Members they represent pursuant to the Agreement to effectuate its terms.

8.13    Each counsel or other Person executing the Agreement or any of its Exhibits on behalf of any party hereto warrants that such Person has the full authority to do so.

8.14    The Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or sent in PDF form via e-mail shall be deemed originals.

8.15    The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes

1    of implementing and enforcing the settlement embodied in the Agreement and matters related to this
2    settlement.

3        8.17    Pending approval of the Court of the Agreement and its Exhibits, all proceedings in the
4    Litigation shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of
5    the Released Claims against Defendant.

6        8.18    This Agreement and the Exhibits hereto shall be considered to have been negotiated,
7    executed and delivered, and to be wholly performed, in the State of California, and the rights and
8    obligations of the parties to the Agreement shall be construed and enforced in accordance with, and
9    governed by, the substantive laws of the State of California.

10       IN WITNESS WHEREOF, each of the parties hereto have caused the Agreement to be
11   executed, by their duly authorized attorneys, dated September 18, 2018.

12   **GIRARD GIBBS LLP**
      _/s/ Elizabeth A. Kramer_____
13   Daniel C. Girard (State Bar No. 114826)
14   Jordan Elias (State Bar No. 228731)
     Elizabeth A. Kramer (State Bar No. 293129)
15   601 California Street, Suite 1400
     San Francisco, CA 94104
16   Telephone:  (415) 981-4800
17   Facsimile:  (415) 981-4846
     *dcg@girardgibbs.com*
18   *je@girardgibbs.com*
19   *eak@girardgibbs.com*

20   **JOSEPH SAVERI LAW FIRM, INC.**
      _/s/ Joseph R. Saveri_____
21   Joseph R. Saveri (SBN 130064)
22   Nicomedes S. Herrera (SBN 275332)
     Kyla J. Gibboney (SBN 301441)
23   601 California Street, Suite 1000
24   San Francisco, California 94108
     Telephone: (415) 500-6800
25   Facsimile: (415) 395-9940
26   *jsaveri@saverilawfirm.com*
     *nherrera@saverilawfirm.com*
27   *kgibboney@saverilawfirm.com*

28   *Counsel for Plaintiffs*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
 _/s/ Todd M. Friedman_____
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
21550 Oxnard St., Suite 780
Woodland Hills, California 91367
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*tfriedman@toddflaw.com*
*abacon@toddflaw.com*

1

**GIBSON, DUNN & CRUTCHER LLP**

2

_/s/ Rodney J. Stone_

Samuel G. Liversidge (State Bar No. 180578)

3

Rodney J. Stone (State Bar No. 145405)

333 South Grand Avenue

4

Los Angeles, CA 90071-3197

5

Telephone: (213) 229-7365

Facsimile: (213) 229-6365

6

_sliversidge@gibsondunn.com_

_rstone@gibsondunn.com_

7

8

_Counsel for Defendant HP Inc._

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

Exhibit 1-A

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this notice. This is not a solicitation from a lawyer.*

---

# If Your HP Printer Stopped Working with Non-HP Replacement Cartridges, You Could Be Eligible for a Payment from a Class Action Settlement

- You could receive a payment from a class action settlement.

- The lawsuit is about Dynamic Security, a technology that HP placed on certain of its inkjet printers. Plaintiffs allege that Dynamic Security caused some of the printers to stop working if they were using certain non-HP replacement ink cartridges.

- Under the settlement, HP agrees not to employ Dynamic Security on the printer models in question. HP will also pay $1.5 million to printer owners who experienced print interruptions because of Dynamic Security.

- Visit [Website URL] to make a claim. You can also opt out of, comment on, or object to the Settlement.

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. | [Deadline] |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to keep your right to bring any other lawsuit against HP for claims related to this case. | [Deadline] |
| **COMMENT ON OR OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | You can write the Court about why you like or do not like the Settlement. You can't ask the Court to order a larger settlement. You can also ask to speak to the Court at the hearing on [Hearing Date] about the fairness of the Settlement, with or without your own attorney. | [Deadline] |
| **DO NOTHING** | Get no payment. Give up rights. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ................................................................................................................ 3

WHO IS IN THE SETTLEMENT ................................................................................................... 3

THE SETTLEMENT BENEFITS ..................................................................................................... 4

HOW TO GET A PAYMENT—MAKING A CLAIM ......................................................................... 5

THE LAWYERS REPRESENTING YOU .......................................................................................... 5

EXCLUDING YOURSELF FROM THE SETTLEMENT ....................................................................... 6

OBJECTING TO THE SETTLEMENT ............................................................................................. 7

THE COURT'S FAIRNESS HEARING ............................................................................................ 8

IF I DO NOTHING ..................................................................................................................... 8

GETTING MORE INFORMATION ................................................................................................. 8

# BASIC INFORMATION

## 1. Why did I get this notice?

A court authorized this notice because people described in paragraph 5 of this notice have the right to know about a legal settlement. If you qualify, you could be eligible to receive a payment.

**To know if you qualify, see the answer to Question 5.**

The people who sued are called the Plaintiffs. The company they sued, HP Inc. ("HP"), is called the Defendant.

## 2. What is this lawsuit about?

HP created Dynamic Security and installed it via firmware on certain of its inkjet printer models in 2015 and 2016. Because of Dynamic Security, some HP printers with certain non-HP replacement cartridges stopped printing. Plaintiffs claim that HP used Dynamic Security to steer people to buy its own replacement products. HP denies Plaintiffs' claims and says that the purpose of Dynamic Security was to protect its intellectual property, reduce cartridge counterfeiting, and protect the quality of the user experience.

## 3. What is a class action?

In a class action the Plaintiffs act as "class representatives" and sue on behalf of themselves and other people who have similar claims. This group of people is called the "class," and the people in the class are called "class members." One court resolves the issues for all class members, except for people who exclude themselves from the class. Judge Edward J. Davila of the United States District Court for the Northern District of California is in charge of this case. The case is *In re HP Printer Firmware Update Litigation*, No. 5:16-cv-05820-EJD (N.D. Cal.).

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and class members get benefits or compensation. The class representatives and their attorneys think the settlement is best for the class.

# WHO IS IN THE SETTLEMENT

## 5. Who is in the Settlement?

You are a class member, and are included in the Settlement, if you owned a Class Printer during the period from March 1, 2015 through December 31, 2017. The Class Printers are the following product models:

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815

- HP OfficeJet 6820
- HP OfficeJet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610
- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630
- HP OfficeJet Pro X551dw
- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

You can tell what model you own or owned by looking for a model number on the front of your printer. If you are unable to determine which model HP printer you own, please call HP customer service at 800-474-6836 and a customer service representative will assist you.

**6. What should I do if I am still not sure whether I am included?**

If you are not sure whether you are included in the class, you can ask for free help by calling the Claims Administrator at XXX-XXX-XXXX for more information.

## THE SETTLEMENT BENEFITS

**7. What does the Settlement provide?**

HP has released an update to its firmware that turns off Dynamic Security in the Class Printers, and agrees not to use Dynamic Security on the Class Printers in the future. HP also will pay $1,500,000 into a Settlement Fund, which will be distributed to class members who submit valid claims.

**8. Who can get money from the Settlement, and how much?**

To get money from the Settlement, you must be a class member who experienced a print interruption while using a non-HP replacement ink cartridge in a Class Printer between March 1, 2015 and December 31, 2017. You can get reimbursed for expenses you incurred as a result of the print interruption. These expenses may include the costs of a replacement cartridge, a replacement printer, or printer repair services. You can also make a claim without providing any documentation of out-of-pocket losses, if you spent time or money in response to this print interruption.  The Fund will first be applied to pay all documented claims of out-of-pocket losses resulting from such print interruptions. After all documented claims have been paid in full, the remaining amount in the Fund will be divided equally among all class members, including class members who made a claim without supporting documentation. So the amount you get will depend on the number of valid documented and undocumented claims.

For information on how to make a claim, see Question 10 and [Website URL]. For information on the Plan of Allocation, see [Website URL].

4

**9. What am I giving up if I stay in the class?**

Unless you exclude yourself with an opt-out request (*see* Question 16), you <u>cannot</u> sue, continue to sue, or be part of any other lawsuit against HP about the issues in this case. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the settlement class. The Settlement Agreement can be viewed at [Website URL].

## HOW TO GET A PAYMENT—MAKING A CLAIM

**10. How can I get a payment?**

If you owned a Class Printer during the period from March 1, 2015 through December 31, 2017, you can make a claim at [Website URL]. You can also contact the Claims Administrator to request a paper claim form by telephone 8XX-XXX-XXXX, email [email address] or U.S. mail [insert address], and submit the claim form to the same email or U.S. mail address.

**11. What is the deadline for submitting a claim form?**

To be eligible for payment, claim forms must be submitted electronically or postmarked no later than [DATE].

**12. When will I get my payment?**

The Court will hold a hearing on [HEARING DATE], to decide whether to approve the Settlement. If the Settlement is approved, the Claims Administrator anticipates that payments will be sent out within 3 months.

Updates regarding the Settlement and when payments will be made will be posted on the Settlement website, [Website URL].

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in the case?**

Yes. The Court appointed the law firms of Girard Gibbs LLP, Law Offices of Todd M. Friedman, P.C., and Joseph Saveri Law Firm, Inc. to represent you and the other class members. These firms are called Class Counsel. You will not be charged for their services.

**14. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

## 15. How will the lawyers be paid?

You do not have to pay Class Counsel. Class Counsel will seek an award to be paid separately by HP.  Such an award will not reduce the $1.5 million Fund or the amounts paid to Class Members. Class Counsel have not been paid for their services in this case since it began, and will seek an award not to exceed $2.75 million for work done to date in the litigation, as well reimbursement of reasonable litigation expenses of no more than $150,000.  The fees will compensate Class Counsel for investigating the facts, litigating the case, and negotiating and presenting the Settlement for court approval.

Class Counsel will also ask the Court to approve service award payments of $5,000 to each of the individual class representatives: Richard San Miguel, DeLores Lawty, Richard Faust, Christopher Ware, and James Andrews. If approved, these awards will be paid by HP separately from the Fund.

The costs of providing this notice and administering the Settlement are being paid by HP.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from the Settlement, and you want to keep your right, if any, to sue HP on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the settlement class.

## 16. How do I get out of the Settlement?

You may opt out online by [DATE], at [Website URL]. Click on the "Opt Out" tab and provide the requested information.

You may also opt out by sending a letter that includes the following to the address below:

- Your name and address;
- A statement that you want to be excluded from the Settlement; and
- Your signature.

Class Action Opt Out
*HP Printer Firmware Settlement*
P.O. Box _____
[  ]

Mailed opt-out requests must be postmarked no later than **[DATE].**

## 17. If I don't opt out, can I sue HP for the same thing later?

No. Unless you opt out, you give up the right to sue HP for the claims the Settlement resolves. You must exclude yourself from the class if you want to try to pursue your own lawsuit.

## 18. What happens if I opt out?

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the Settlement; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on the claims alleged in the case at your own expense.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

| 19. How do I tell the Court if I don't like the Settlement? |
| --- |

If you're a class member and do not opt out of the Settlement, you can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

To object, you must file a document with the Court saying that you object to the proposed Settlement in *In re HP Printer Firmware Update Litigation*, Case 5:16-cv-05820-EJD. Be sure to include:

- Your name, address, and signature; and
- A detailed statement of your objection, including the grounds for the objection together with any evidence you think supports it.

You can mail the objection by First Class U.S. Mail, postmarked no later than **[DATE]**, to the following address:

> Clerk of the Court
> U.S. District Court for the
> Northern District of California
> 280 South 1st Street, Room 2112
> San Jose, CA 95113
> Case No. 5:16-cv-05820-EJD

If you do not mail the objection, you must either deliver it in person to this address or file it electronically at https://www.cand.uscourts.gov/cm-ecf, no later than **[DATE]**.

| 20. What's the difference between objecting and excluding? |
| --- |

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out and object to the Settlement.

7

# The Court's Fairness Hearing

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at XX:XX p.m. on [HEARING DATE], in Courtroom 4 of the San Jose federal courthouse, located at 280 South 1st Street, San Jose, CA 95113.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing.

The Court may also decide how much Class Counsel should receive in fees and expense reimbursements. After the hearing, the Court will decide whether to approve the Settlement.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to the class members. Be sure to check the website, [Website URL], for news of any such changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

### 22. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include a statement in your written objection (discussed above at Question 19) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well.

You cannot speak at the hearing if you exclude yourself from the class.

# If I Do Nothing

### 24. What happens if I do nothing at all?

If you do nothing, you'll be a member of the Settlement Class, you'll get no money from this Settlement, and you won't be able to sue HP for the conduct alleged in this case.

# Getting More Information

### 25. Are more details about the Settlement available?

Yes. This notice summarizes the proposed Settlement—more details are in the Settlement Agreement, the Plan of Allocation, and other important case documents. You can get a copy of these and other documents at [Website URL], by contacting Class Counsel at eak@girardgibbs.com, by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building and United States Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| **26. How do I get more information?** |
| --- |

The website [Website URL] has the claim form, answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

You can also call or write to the Claims Administrator at:

*HP Printer Firmware Settlement*
[  ]
8XX-XXX-XXXX

Class Counsel can be reached by calling Elizabeth Kramer at (415) 981-4800 or emailing eak@girardgibbs.com.


Dated: _____, 2018                  By Order of the Court


                                                    _____
The Honorable Edward J. Davila
United States District Judge

# Exhibit 1-B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*In re HP Printer Firmware Update Litigation*, No. 5:16-cv-05820-EJD (N.D. Cal.)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been reached with HP in a class action lawsuit about Dynamic Security, a technology HP placed on certain of its inkjet printers. Plaintiffs allege Dynamic Security caused printers to stop working if they were using certain non-HP replacement ink cartridges. HP agrees under the settlement not to reactivate Dynamic Security in the Class Printers and to pay $1.5 million. HP denies that it did anything wrong.

## WHO IS INCLUDED?

You are a class member, and are included in the Settlement, if you owned a Class Printer between March 1, 2015 and December 31, 2017. The Class Printers are:

- HP OfficeJet Pro 6230
- HP OfficeJet 6812, 6815, 6820, 6830, 6835
- HP OfficeJet Pro 8610, 8615, 8616, 8620, 8625, 8630
- HP OfficeJet Pro X451dn, X451dw, X476dn, X476dw, X551dw, X576dw

## WHAT CAN I GET?

To get money from the Settlement, you must be a class member whose Class Printer experienced a print interruption while using a working non-HP replacement ink cartridge between March 1, 2015 and December 31, 2017. You can get reimbursed for out-of-pocket expenses like the cost of replacement cartridges, a replacement printer, or printing or printer repair services. You can make a claim and attach receipts or other documentation of your losses. Or, you can make a claim for lost money or time without attaching documentation by providing the information requested on the Claim Form about your print interruption. The settlement money will be used to pay all documented claims first, with any remaining money divided equally among all class members. The amount of money claimants will get will depend on the number and type of claims submitted.

## HOW DO I SUBMIT A CLAIM?

To get money, you must submit a completed Claim Form postmarked by [date]. You can make a claim at [Website URL]. You can also contact the Claims Administrator to request a paper Claim Form by telephone XXX-XXX-XXXX, email [email address] or U.S. mail [insert address], and submit the claim form to the same email or U.S. mail address.

## YOUR OTHER OPTIONS

If you wish to be excluded from the Settlement, you must submit your opt-out request online or by mail postmarked by [date]. If you submit a Claim Form or do nothing, you will be bound by the Settlement and will give up your right to sue HP about Dynamic Security. If you do not opt out, you may comment on or object to the Settlement by [date]. For more information, visit [website URL].

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing on [hearing date] to consider whether to approve the Settlement. The Court will also consider requests by Class Counsel for HP to pay their attorneys' fees and costs, as well as service awards for the representative class plaintiffs, separately from the $1.5 million fund. The date or time of the hearing may change. Check [website URL] for updates.

## ADDITIONAL INFORMATION

**This is a summary.** For more information about your rights and options, visit [website URL]. You may also call toll-free 1-XXX-XXX-XXXX, or write to [insert name of settlement and administrator address].

**For a copy of the Settlement Agreement or Claim Form, visit [website URL] or call 1-XXX-XXX-XXXX.**

# Exhibit 2

*HP Printer Firmware Settlement*
c/o Claims Administrator
[Street]
[City State Zip]
[email address]

[website URL]

## <u>Your claim must be uploaded or postmarked by: [DATE]</u>

## <u>CLAIM FORM INSTRUCTIONS</u>

### <u>IMPORTANT: PLEASE READ BEFORE COMPLETING THIS CLAIM FORM</u>

You are a member of the class and eligible for a Settlement payment if you owned one or more of the following HP printers during the period March 1, 2015 through December 31, 2017 ("Class Printers"):

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815
- HP OfficeJet 6820
- HP Officejet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610
- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630
- HP OfficeJet Pro X551dw
- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

You can tell what model you own or owned by looking for a model number on the front of your printer.  If you are unable to determine which model HP printer you own, please call HP customer service at 800-474-6836 and a customer service representative will assist you.

**If you are a member of the class based on the above definition, you may submit a Claim Form. Please complete Sections A, B and C, and return the completed Claim Form to the Claims Administrator by mail at the address above. You may also submit your claim online at [insert website URL].**

To get money from the Settlement, you must be a class member who experienced a print interruption while using a non-HP replacement ink cartridge in a Class Printer between March 1, 2015 and December 31, 2017. In addition to compensation for lost time, you can get reimbursed for out-of-pocket expenses like the cost of replacement cartridges, a replacement printer, and/or printing or printer repair services.

To make a claim, you must confirm or provide your current contact information, and swear to certain facts listed in the Claim Form that show you are eligible to get money from the Settlement.  Then, you have two options. You can make a claim and attach documentation of your losses (for example, receipts).  Or, you can make a claim without

attaching documentation, by providing the information requested on the Claim Form about the print interruption that you experienced.

*Option 1: Documented Claim*

Make a claim and provide documentation of losses.  Fill out the Claim Form and also submit documentation, for example—receipts, payment card statements, or photographs—of out-of-pocket expenses that resulted from the print interruption. Expenses may include amounts paid for replacement cartridges, a replacement printer, and/or printing or printer repair services.

*Option 2: Claim without Documentation*

Make a claim without documentation of losses.  You can fill out the Claim Form and submit it without documentation of losses.  However, you must write on the Claim Form: (1) the month and year when the print interruption occurred, (2) the brand of non-HP cartridges installed in the Class Printer at the time, and (3) the seller from which those cartridges were purchased.

The Claims Administrator will review your submission and determine your payment. Documented claims will be paid in full before undocumented claims are paid.

# CLAIM FORM

**SECTION A:  NAME AND CONTACT INFORMATION**

Provide your name and contact information below. If your name or contact information changes after you submit this Claim Form, please notify the Claims Administrator of the new information.

**FIRST NAME**      **MI**      **LAST NAME**

**STREET ADDRESS**

**CITY**      **STATE**      **ZIP CODE**

**EMAIL ADDRESS**

**CONTACT PHONE NUMBER**

---

**SECTION B:  TYPE OF CLAIM AND PAYMENT ELECTION**

---

There are two ways to make a claim.  Please read the **Claim Form Instructions** for more information about these options.

## OPTION 1 – <u>DOCUMENTED CLAIM</u>

☐   I am submitting a claim and attaching documented proof of loss.

Enter the total amount of documented losses you are claiming:   $_____

Note: documentation may include, for example, receipts, payment card statements, or photographs that show out-of-pocket expenses that resulted from your print interruption. Expenses may include amounts paid for replacement cartridges, a replacement printer, and/or printing or printer repair services.

### OPTION 2 – <u>CLAIM WITHOUT DOCUMENTATION</u>

☐   I am submitting a claim form without documented proof of loss.

To the best of my knowledge, the following information is true and accurate (fill in the blanks):

(1) I experienced a print interruption on _____ (month) of ____ (year).

(2) At the time of the print interruption, I had a _____ (brand name of the non-HP ink cartridge) ink cartridge installed in my Class Printer.

(3) I purchased the non-HP cartridge(s) from _____ (name of store or website).

**<u>PAYMENT ELECTION:</u>**

Please indicate below whether you would like to receive your payment in the form of a check mailed to the address provided in Section A, or if you would like your payment emailed to you to digitally deposit. Please choose only one. If you do not complete this section, payment will be sent via mail.

☐   I would like to receive a check via mail. I understand it is my responsibility to inform the Claims Administrator of any changes to my contact information provided in Section A of this Claim Form.

☐   I would like my payment emailed to me to digitally deposit. Please issue my payment to the following email address: _____

**SECTION C:  VERIFICATION**

By signing below and submitting this Claim Form, I hereby affirm that:

(1) I am the person identified above and the information provided in this Claim Form is true and accurate;

(2) I owned one or more of the following HP printers during the period March 1, 2015 through December 31, 2017 ("Class Printers"):

- HP OfficeJet Pro 6230
- HP OfficeJet 6812, 6815, 6820, 6830, 6835
- HP OfficeJet Pro 8610, 8615, 8616, 8620, 8625, 8630
- HP OfficeJet Pro X451dn, X451dw, X476dn, X476dw, X551dw, X576dw;

(3) My Class Printer experienced an interruption in printing between March 1, 2015 and December 31, 2017;

(4) The interruption happened when the Class Printer had working non-HP ink cartridges installed; and

(5) I have not been reimbursed or otherwise compensated for the out-of-pocket losses I have claimed.

|  |  |
|---|---|
|  |  |

**SIGNATURE**                                                          **DATE**

|  |
|---|
|  |

**PRINTED NAME**

<u>**CLAIM FORM REMINDER CHECKLIST:**</u>

1. Complete sections A, B and C of the Claim Form.

2. Remember to attach only **copies** of supporting documents, as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and supporting documents for your records.

5. If your name or contact information changes after you submit this Claim Form, please notify the Claims Administrator of the new information.

6. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, or by emailing [insert email address].

THIS CLAIM FORM MUST BE UPLOADED ON THE SETTLEMENT WEBSITE NO LATER THAN _____, **2019,** OR MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL POSTMARKED NO LATER THAN _____, **2019** to:

*HP Printer Firmware Settlement*
c/o Claims Administrator
[Street]
[City State Zip]

Exhibit 3

## PLAN OF ALLOCATION FOR SETTLEMENT FUND

### *In re HP Firmware Update Litigation*, Case No. 5:16-cv-05820-EJD-SVK

The Settlement Fund will be distributed according to the following plan, subject to approval by the Court.  All capitalized terms contained and not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement dated September 18, 2018.

**I.      General Provisions**

A.      Class members may submit claims for payments from the Settlement Fund for lost time and reasonable out-of-pocket expenses attributable to Dynamic Security.  In addition to compensation for lost time, expenses eligible for reimbursement include the cost of replacement cartridges, a new printer, and/or printing or printer repair services, provided such expenditures are attributable to Dynamic Security.  Class members need not submit documentation to make a claim, but, as set forth below, valid documented claims will be paid in full before any undocumented claims are paid.

B.      Class members may submit completed Claim Forms by mail or through the Settlement Website.

C.      To be eligible for payment, claims must be submitted or postmarked no later than 120 days after the date of entry of the Preliminary Approval Order.  Late claims may be considered if deemed appropriate by the Claims Administrator in consultation with Class Counsel, or if ordered by the Court.

D.      The Claims Administrator will establish and maintain the Settlement Website, which will be accessible through commonly used internet service providers and will, among other things, be used for the electronic submission of Claim Forms.  The Claims Administrator will be responsible for receiving and processing requests for Claim Forms, for promptly delivering Claim Forms to Class members who request them, for establishing, in consultation with Class Counsel, appropriate claim auditing and verification protocols and procedures, and for determining the eligibility of claims for payment consistent with this plan of allocation or as otherwise ordered by the Court.

E.      HP will bear the costs of notice and of settlement and claims administration, including the procedures described herein.

**II.     The Claim Form**

     A.     There will be one Claim Form.

     B.     For a claim to be eligible for payment, the claimant must confirm or provide their current contact information, and attest that:

          1.     the claimant owns or owned a Class Printer;

          2.     the Class Printer experienced an interruption in printing between March 1, 2015 and December 31, 2017;

          3.     the interruption occurred when the Class Printer had a working non-HP replacement ink cartridge installed; and

          4.     the claimant has not been reimbursed or otherwise compensated for the out-of-pocket losses at issue in the claim.

     C.     Additionally, for a claim to be eligible for payment, the claimant must provide either:

          1.     documentation—for example and without limitation, receipts, payment card statements, or photographs—of reasonable out-of-pocket expenses the claimant paid that are attributable to the relevant interruption in printing, including, without limitation, amounts paid for replacement cartridges, a new printer, and/or printing or printer repair services (a "Documented Claim"); **OR**

          2.     a sworn statement identifying, to the best of the claimant's information and belief, (a) the month and year when the relevant interruption in printing occurred, (b) the brand of non-HP cartridges installed in the Class Printer at the time, and (c) the seller from which those cartridges were purchased.

**III.     Determination of Class Member Payments**

     A.     After determining which claims are eligible for payment and identifying the total set of eligible claims, the Claims Administrator will allocate the Settlement Fund as follows.

1.      Each Documented Claim will be paid in full; provided, however, that if the sum of all Documented Claims exceeds the Settlement Fund, they will be proportionally reduced—i.e., the actual amount of each Documented Claim will be reduced according to the percentage by which the value of all such claims exceeds the Fund.

2.      If the sum of all Documented Claims does not exceed the Fund, after all such claims have been paid in full, the remaining amount in the Settlement Fund (the "Residual Fund") will be allocated *pro rata* to all eligible claimants on a per-Printer basis (the "Residual Amount"), subject to § III.A.3 below.  Payment of the Residual Amount to claimants with Documented Claims will be in addition to amounts due to such claimants under § III.A.1.

3.      If the Residual Amount exceeds $250, Class Counsel will notify the Court and propose additional means of distributing the balance of the Residual Fund and/or of providing notice of the Settlement to non-participating Class members.

B.      If, after all necessary calculations under § III.A:

1.      there is no Residual Fund, the Claims Administrator will pay only Documented Claims, by check or electronic payment;

2.      the Residual Amount is less than or equal to $250, the Claims Administrator will pay all eligible claimants by check or electronic payment;

3.      the Residual Amount exceeds $250, the Claims Administrator, pursuant to § III.A.1, will pay each valid Documented Claim in full by check or electronic payment, without regard to any supplemental distributions that may thereafter occur.

Exhibit 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN CALIFORNIA**
**SAN JOSE DIVISION**

17    IN RE HP PRINTER FIRMWARE UPDATE            Case No. 5:16-cv-05820-EJD-SVK
      LITIGATION

18                                                **[PROPOSED] ORDER**
                                                  **PRELIMINARILY APPROVING**
19                                                **CLASS ACTION SETTLEMENT AND**
                                                  **PROVIDING FOR NOTICE**
20

21

22

23

24

25

26

27

28

Plaintiffs Richard San Miguel, DeLores Lawty, Richard Faust, Christopher Ware, and James Andrews ("Plaintiffs") and Defendant HP Inc. ("HP") entered into a Settlement Agreement and Release on September 18, 2018 ("Settlement" or "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed global resolution of this litigation and for its dismissal with prejudice upon the terms and conditions set forth therein.

Plaintiffs have moved the Court for an order preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, certifying a Settlement Class for purposes of settlement, and approving notice to the Settlement Class as described herein. HP does not oppose this request. The Court is familiar with and has reviewed the record, the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement, and the supporting Declaration, and has found good cause for entering the following Order. Unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement.

## Settlement Class Certification

1. The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met.

2. The Court preliminarily certifies, for purposes of the Settlement only, a class consisting of all Persons who own or owned one or more of the following printers ("Class Printers"):

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815
- HP OfficeJet 6820
- HP OfficeJet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610
- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630

1

- HP OfficeJet Pro X551dw
- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

Excluded from the Class are HP, its officers, directors, and affiliates at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which HP had or has a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion.

3.      The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied for the Settlement Class. The Court hereby enters the following findings:

a.      The number of Settlement Class Members is so numerous that joinder of all members is impracticable—hundreds of thousands of persons purchased Class Printers;

b.      Questions of law and fact common to the Settlement Class predominate over individualized questions. The common questions include how Dynamic Security operated, whether HP's implementation of Dynamic Security was unfair or misleading to Class Members, and the reasons why HP implemented Dynamic Security on the Class Printers.

c.      Plaintiffs' claims are typical of the claims of the Settlement Class. Each of the claims arises from the actual or potential effects of Dynamic Security, and asserts the same theories of liability;

d.      Plaintiffs are adequate class representatives, and the Court hereby appoints them to serve as representatives for the Settlement Class. Additionally, the law firms of Girard Gibbs LLP, Law Offices of Todd M. Friedman, P.C., and Joseph Saveri Law Firm, Inc. have significant expertise in prosecuting consumer class actions and have committed the necessary resources to represent the Settlement Class. The Court accordingly appoints these firms as Class Counsel for the Settlement Class under Federal Rule of Civil Procedure 23(g).

**Preliminary Approval of the Settlement**

4.      The Settlement is the product of non-collusive arm's-length negotiations between

2

experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice. The Settlement confers substantial benefits, including monetary and non-monetary relief, upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery as balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs or their counsel, and has no obvious deficiencies.

5.     The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement and the incorporated Plan of Allocation and Claim Form, as fair, reasonable, and adequate, and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

6.     The Settlement Amount shall be deposited into an escrow account and shall be managed by the Escrow Agent as detailed in the Settlement Agreement. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds may be distributed pursuant to the Settlement Agreement and further Order of the Court.

**Manner and Form of Notice**

7.     The Court approves, as to form and content, the Notice and Summary Notice, and the Claim Form, annexed to the Settlement Agreement at Exhibits 1 and 2, respectively, and finds that the mailing, distribution, and publication of the Notice and Summary Notice, substantially in the manner and form set forth in Exhibit 1, meet the requirements of Federal Rule of Civil Procedure 23 and due process, constitute the best notice practicable under the circumstances, and will provide due and sufficient notice to all Persons entitled thereto. The proposed notice plan includes direct notice via email with additional direct notice via first class mail to certain class members for whom email addresses are not available, as well as digital publication notice. This

**[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE**                                        **5:16-cv-05820-EJD-SVK**

plan, and the Notice and Summary Notice, are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Released Claims contained therein), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate, and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before their dissemination and posting.

8.      The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") to serve as the Claims Administrator to supervise and administer the notice procedures, establish and operate a settlement website (the "Website") and a toll-free number, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement and the Plan of Allocation, and perform any other duties of the Claims Administrator that are reasonably necessary and/or provided for in the Settlement Agreement.

9.      All reasonable expenses incurred in identifying and notifying Class Members, and in administering the Settlement Fund, shall be paid by HP as set forth in the Settlement Agreement.

10.      Class Members who wish to make a claim to recover out of the Settlement Fund shall complete and submit a Claim Form in accordance with the instructions contained therein. The Claims Administrator shall determine the eligibility of claims and allocate the Settlement Fund in accordance with the Plan of Allocation.

11.      As soon as practicable, and no later than 30 days after entry of this Order, the Claims Administrator shall establish the Website and post the Notice and Claim Form thereon.

12.      Within 30 days after entry of this Order (the "Notice Date"), the Claims Administrator shall send the Notice, substantially in the form annexed to the Settlement

4

Agreement, in accordance with the notice plan to all Class Members who have been identified with reasonable effort; and shall cause publication of the Summary Notice to occur, as detailed in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

13.     Within 105 days after entry of this Order, the Claims Administrator shall provide Plaintiffs with one or more affidavits detailing the processes and status of the notice and claims process. Class Counsel shall file such affidavit(s).

14.     The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

**The Final Approval Hearing**

15.     The Court will hold a Final Approval Hearing on _____, 201__ [no sooner than 120 days after entry of this Order], at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, for the following purposes: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to rule upon Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards to the representative Plaintiffs; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

16.     Class Counsel's application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of the judgment approving the Settlement.

17.     Papers in support of final approval of the Settlement and Class Counsel's

5

application for attorneys' fees, expenses, and costs and for service awards shall be filed no later than 61 days after entry of this Order. Any papers in opposition shall be filed within 75 days after entry of this Order in accordance with paragraph 19 below. Reply papers shall be filed no later than 14 days before the Final Approval Hearing.

**Objections and Appearances at the Final Approval Hearing**

18.     Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees, costs, and expenses, or to Class Counsel's application for service awards. No person shall be heard or entitled to contest the approval of the Settlement, or if approved, the judgment to be entered approving the Settlement, or of Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards, unless that person filed an objection with the Clerk of the United States District Court for the Northern District of California, electronically, in person, or by first-class mail, within 45 days after the Notice Date (the "Objection Deadline"). Any Class Member who does not make his or her objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including enforcement of its terms.

19.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses and for service awards must indicate in their written objection their intention to appear at the hearing. Persons who intend to

object to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees, costs, and expenses and for service awards, and who wish to present evidence at the Final Approval Hearing, must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. If an objector hires an attorney to represent him or her for the purposes of making an objection, the attorney must file a notice of appearance with the Court by the Objection Deadline.

### Exclusion from the Settlement Class

20.     Any requests for exclusion are due no later than 45 days after the Notice Date (the "Opt-Out Deadline"). Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must notify the Claims Administrator in writing of that intent either (i) by first-class mail postmarked no later than the Opt-Out Deadline or (ii) by submission on the Settlement Website no later than the Opt-Out Deadline. The written notification must include the person's name, address, and signature and a statement that the person wishes to be excluded from the Settlement in this Action. All persons who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the monetary relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Orders or final judgment of the Court.

21.     Any member of the Settlement Class who does not notify the Claims Administrator of his, her, or its intent to be excluded from the Settlement Class in the manner stated herein shall be deemed to have waived his or her right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims against HP provided for in the Settlement Agreement and the Final Order and Judgment.

### Termination of the Settlement

22.     If the Settlement fails to become effective in accordance with its terms, or if the

7

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**                              5:16-cv-05820-EJD-SVK

Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

## **Limited Use of This Order**

23.     The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of HP to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that the benefits obtained by the Settlement Class under the Settlement correspond to the relief that could or would have been obtained from HP in this Action if it were not settled at this time. The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order and the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce this Order, the Final Order and Judgment, and/or the Settlement.

## **Reservation of Jurisdiction**

24.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

25.     Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement or Plan of Allocation, are hereby STAYED.

8

1   **IT IS SO ORDERED.**

2

3   DATED: _____   _____

4                                          HON. EDWARD J. DAVILA

5                                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Exhibit 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN CALIFORNIA**
**SAN JOSE DIVISION**

IN RE HP PRINTER FIRMWARE UPDATE
LITIGATION

Case No. 5:16-cv-05820-EJD-SVK

**[PROPOSED] FINAL ORDER AND
JUDGMENT**

1   This matter came before the Court for hearing pursuant to the Order Preliminarily Approving

2   Class Action Settlement and Providing for Notice, dated _____, 2018 ("Preliminary

3   Approval Order"), on the motion of Plaintiffs for approval of the proposed class action settlement (the

4   "Settlement") with Defendant HP Inc. ("HP").  Due and adequate notice having been given of the

5   Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed

6   and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED,

7   ADJUDGED and DECREED as follows:

8        1.     This Final Order and Judgment incorporates by reference the definitions in the

9   Settlement Agreement with HP dated September 18, 2018 (the "Agreement"), and all defined terms

10  used herein have the same meanings ascribed to them in the Agreement.

11       2.     This Court has jurisdiction over the subject matter of this litigation and over all Parties

12  thereto.

13       3.     The Court reaffirms its findings, rendered in the Preliminary Approval Order, that for

14  purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules

15  of Civil Procedure 23(a) and (b)(3) are satisfied.  The Court hereby makes final its appointments of

16  Class Counsel and Class Representatives and its preliminary certification of the Settlement Class

17  consisting of all Persons who own or owned one or more of the following printers:

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815
- HP OfficeJet 6820
- HP OfficeJet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610
- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630
- HP OfficeJet Pro X551dw
- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

1

[PROPOSED] FINAL ORDER AND JUDGMENT
Case No. 5:16-cv-05820-EJD-SVK

Excluded from the Class are HP, its officers, directors, and affiliates at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which HP had or has a controlling interest.  Also excluded from the Class are those Persons who timely and validly request exclusion.

       4.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

       5.     The Court finds that notice of this Settlement was given to Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

       6.     The Court directs the Parties and the Claims Administrator to implement the Settlement according to its terms and conditions, including the Plan of Allocation.

       7.     Upon the Effective Date, Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged HP from all Released Claims. Upon the Effective Date, HP shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and all Settlement Class Members from all Released Claims.

       8.     The Persons identified in Exhibit 1 hereto requested exclusion from the Settlement Class as of the Opt-Out Deadline.  These Persons shall not share in the monetary benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against HP.

       9.     Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be considered separate from this Judgment.

       10.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement or its associated agreements, is or may be deemed to be or may be used

2

as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of HP, or (c) any fault or omission of HP in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11.    Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, its associated agreements, and this Final Order, including (a) distribution or disposition of the Settlement Fund; (b) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs; and (c) the Settling Parties for the purpose of construing, enforcing, and administering the Settlement.  If HP fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, and discharging the Released Claims.

12.    If the Settlement does not become effective under the terms of the Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

13.    The Action is hereby dismissed, with prejudice.

**IT IS SO ORDERED.**

DATED: _____       _____

                                    HON. EDWARD J. DAVILA
                                    UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL ORDER AND JUDGMENT
Case No. 5:16-cv-05820-EJD-SVK