UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE HP PRINTER FIRMWARE UPDATE LITIGATION | Case No. 5:16-cv-05820-EJD-SVK<br><br>[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE |

Plaintiffs Richard San Miguel, DeLores Lawty, Richard Faust, Christopher Ware, and James Andrews ("Plaintiffs") and Defendant HP Inc. ("HP") entered into a Settlement Agreement and Release on September 18, 2018 ("Settlement" or "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed global resolution of this litigation and for its dismissal with prejudice upon the terms and conditions set forth therein.

Plaintiffs have moved the Court for an order preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, certifying a Settlement Class for purposes of settlement, and approving notice to the Settlement Class as described herein. HP does not oppose this request. The motion came on for hearing before this Court on November 8, 2018. The Court is familiar with and has reviewed the record, the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement, and the supporting Declaration, and has found good cause for entering the following Order. Unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement.

**Settlement Class Certification**

1. The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met.

2. The Court preliminarily certifies, for purposes of the Settlement only, a class consisting of all Persons who own or owned one or more of the following printers ("Class Printers"):

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815
- HP OfficeJet 6820
- HP OfficeJet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610
- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630
- HP OfficeJet Pro X551dw

- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

Excluded from the Class are HP, its officers, directors, and affiliates at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which HP had or has a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion.

3. The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied for the Settlement Class. The Court hereby enters the following findings:

  a. The number of Settlement Class Members is so numerous that joinder of all members is impracticable—hundreds of thousands of persons purchased Class Printers;

  b. Questions of law and fact common to the Settlement Class predominate over individualized questions. The common questions include how Dynamic Security operated, whether HP's implementation of Dynamic Security was unfair or misleading to Class Members, and the reasons why HP implemented Dynamic Security on the Class Printers.

  c. Plaintiffs' claims are typical of the claims of the Settlement Class. Each of the claims arises from the actual or potential effects of Dynamic Security, and asserts the same theories of liability;

  d. Plaintiffs are adequate class representatives, and the Court hereby appoints them to serve as representatives for the Settlement Class. Additionally, the law firms of Girard Sharp LLP, Law Offices of Todd M. Friedman, P.C., and Joseph Saveri Law Firm, Inc. have significant expertise in prosecuting consumer class actions and have committed the necessary resources to represent the Settlement Class. The Court accordingly appoints these firms as Class Counsel for the Settlement Class under Federal Rule of Civil Procedure 23(g).

### Preliminary Approval of the Settlement

4. The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice. The Settlement confers substantial benefits, including monetary and non-monetary relief, upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery as balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs or their counsel, and has no obvious deficiencies.

5. The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement and the incorporated Plan of Allocation and Claim Form, as fair, reasonable, and adequate, and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

6. The Settlement Amount shall be deposited into an escrow account and shall be managed by the Escrow Agent as detailed in the Settlement Agreement. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds may be distributed pursuant to the Settlement Agreement and further Order of the Court.

### Manner and Form of Notice

7. The Court approves, as to form and content, the Notice and Summary Notice, and the Claim Form, annexed to the Settlement Agreement at Exhibits 1 and 2, respectively, and finds that the mailing, distribution, and publication of the Notice and Summary Notice, substantially in the manner and form set forth in Exhibit 1, meet the requirements of Federal Rule of Civil Procedure 23 and due process, constitute the best notice practicable under the circumstances, and will provide due and sufficient notice to all Persons entitled thereto. The proposed notice plan includes direct notice via email with additional direct notice via first class mail to certain class members for whom

email addresses are not available, as well as digital publication notice. This plan, and the Notice and Summary Notice, are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Released Claims contained therein), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate, and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before their dissemination and posting.

8. The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") to serve as the Claims Administrator to supervise and administer the notice procedures, establish and operate a settlement website (the "Website") and a toll-free number, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement and the Plan of Allocation, and perform any other duties of the Claims Administrator that are reasonably necessary and/or provided for in the Settlement Agreement.

9. All reasonable expenses incurred in identifying and notifying Class Members, and in administering the Settlement Fund, shall be paid by HP as set forth in the Settlement Agreement.

10. Class Members who wish to make a claim to recover out of the Settlement Fund shall complete and submit a Claim Form in accordance with the instructions contained therein. The Claims Administrator shall determine the eligibility of claims and allocate the Settlement Fund in accordance with the Plan of Allocation.

11. As soon as practicable, and no later than 30 days after entry of this Order, the Claims Administrator shall establish the Website and post the Notice and Claim Form thereon.

12. On January 7, 2019 (the "Notice Date"), the Claims Administrator shall send the Notice, substantially in the form annexed to the Settlement Agreement, in accordance with the notice plan to all Class Members who have been identified with reasonable effort; and shall cause

4

**[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE**                                                5:16-cv-05820-EJD-SVK

1  publication of the Summary Notice to occur, as detailed in Plaintiffs' Motion for Preliminary
2  Approval of Class Action Settlement.

3        13.    Within 75 days after the Notice Date, the Claims Administrator shall provide
4  Plaintiffs with one or more affidavits detailing the processes and status of the notice and claims
5  process. Class Counsel shall file such affidavit(s).

6        14.    The dates provided for herein may be extended by Order of the Court, for good cause
7  shown, without further notice to the Settlement Class.

### The Final Approval Hearing

9        15.    The Court will hold a Final Approval Hearing on April 25, 2019 [~~no sooner than 90~~
10 ~~days after the Notice Date~~] at 9:00 a.m., at the United States District Court for the Northern District
11 of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st
12 Street, Room 2112, San Jose, CA 95113, for the following purposes: (i) to finally determine whether
13 the Settlement Class satisfies the applicable requirements for certification under Federal Rules of
14 Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as
15 fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to rule upon
16 Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service
17 awards to the representative Plaintiffs; and (iv) to consider any other matters that may properly be
18 brought before the Court in connection with the Settlement.

19       16.    Class Counsel's application for an award of attorneys' fees, expenses, and costs and
20 for service awards will be considered separately from the fairness, reasonableness, and adequacy of
21 the Settlement. Any appeal from any order relating solely to Class Counsel's application for an
22 award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service
23 awards, or any reversal or modification of any such order, shall not operate to terminate or cancel
24 the Settlement or to affect or delay the finality of the judgment approving the Settlement.

25       17.    Papers in support of final approval of the Settlement and Class Counsel's application
26 for attorneys' fees, expenses, and costs and for service awards shall be filed no later than 31 days

after the Notice Date. Any papers in opposition shall be filed no later than 30 days before the Final Approval Hearing in accordance with paragraph 19 below. Reply papers shall be filed no later than 14 days before the Final Approval Hearing.

**Objections and Appearances at the Final Approval Hearing**

18. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees, costs, and expenses, or to Class Counsel's application for service awards. No person shall be heard or entitled to contest the approval of the Settlement, or if approved, the judgment to be entered approving the Settlement, or of Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards, unless that person filed an objection with the Clerk of the United States District Court for the Northern District of California, electronically, in person, or by first-class mail, no later than 30 days before the Final Approval Hearing (the "Objection Deadline"). Any Class Member who does not make his or her objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including enforcement of its terms.

19. Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses and for service awards must indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees, costs, and expenses

6

**[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE** 5:16-cv-05820-EJD-SVK

and for service awards, and who wish to present evidence at the Final Approval Hearing, must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. If an objector hires an attorney to represent him or her for the purposes of making an objection, the attorney must file a notice of appearance with the Court by the Objection Deadline.

### Exclusion from the Settlement Class

20. Any requests for exclusion are due no later than 65 days after the Notice Date (the "Opt-Out Deadline"). Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must notify the Claims Administrator in writing of that intent either (i) by first-class mail postmarked no later than the Opt-Out Deadline or (ii) by submission on the Settlement Website no later than the Opt-Out Deadline. The written notification must include the person's name, address, and signature and a statement that the person wishes to be excluded from the Settlement in this Action. All persons who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the monetary relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Orders or final judgment of the Court.

21. Any member of the Settlement Class who does not notify the Claims Administrator of his, her, or its intent to be excluded from the Settlement Class in the manner stated herein shall be deemed to have waived his or her right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims against HP provided for in the Settlement Agreement and the Final Order and Judgment.

### Termination of the Settlement

22. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and

7

void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

### Limited Use of This Order

23. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of HP to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that the benefits obtained by the Settlement Class under the Settlement correspond to the relief that could or would have been obtained from HP in this Action if it were not settled at this time. The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order and the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce this Order, the Final Order and Judgment, and/or the Settlement.

//
//
//
//
//
//
//

**Reservation of Jurisdiction**

24. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

25. Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement or Plan of Allocation, are hereby STAYED.

**IT IS SO ORDERED.**

DATED: November 19, 2018

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE