**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

IN RE HP PRINTER FIRMWARE UPDATE
LITIGATION

Case No. 5:16-cv-05820-EJD-SVK

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND**
**ADEQUACY OF SETTLEMENT NOTICE PLAN**

I, Cameron R. Azari, Esq., declare as follows:

1.      I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice and I have served as an expert in dozens of federal and state cases involving class action notice plans.

3.      I am the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"); a firm that specializes in designing, developing, analyzing and implementing large-scale legal notification plans.  Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq").

4.      This declaration details our implementation of the Settlement Notice Plan ("Notice Plan" or "Plan") for the Settlement in this action.  In my declaration of September 18, 2018, I detailed Hilsoft's class action notice experience and attached Hilsoft Notifications' curriculum vitae.  I also provided my educational and professional experience as it relates to class actions and my ability to render opinions on the overall adequacy of notice programs.

5.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Hilsoft and Epiq.

## CLASS DEFINITION, NOTICE AND OPT-OUTS

6.      On November 19, 2018, the Court, certified for Settlement purposes, a class consisting of all Persons who own or owned one or more of the following printers ("Class Printers"):

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815
- HP OfficeJet 6820
- HP OfficeJet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610
- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630
- HP OfficeJet Pro X551dw
- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

Excluded from the Class are HP, its officers, directors, and affiliates at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which HP had or has a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion.

7.      After the Court's preliminary approval of the Settlement, we began to implement the Notice Program.  This declaration details the successful implementation of the Notice Program and documents the completion of the notice activities to date.  The declaration also discusses the administration activity to date.

8.     Rule 23 of the Federal Rules of Civil Procedure directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified through reasonable effort."[1]   The Notice Plan here satisfies this requirement.   The Notice Plan provides for emailing or mailing individual notice to all Class Members who are reasonably identifiable.   In my opinion, providing individual notice to the Class satisfies the requirements of due process, including its "desire to actually inform" requirement.[2]

9.     As of February 7, 2019, we have received requests from five individuals to opt out of the Class.   Based on our monitoring of the docket, there have been no objections.

## CAFA NOTICE

10.     As described in the attached *Declaration of Stephanie J. Fiereck, Esq. on Implementation of CAFA Notice,"* dated December 13, 2018 (*"Fiereck Declaration"*), on September 28, 2018, within the 10-day period required by the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, Epiq sent a CAFA notice packet ("CAFA Notice") to 58 federal and state officials.   The CAFA Notice was mailed by certified mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the U.S. Territory officials. The CAFA Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States and the Assistant Attorney General of the United States for the Antitrust Division. The *Fiereck Declaration* is appended hereto as **Attachment 1**.

---

[1] FRCP 23(c)(2)(B).

[2] "But when notice is a person's due, process which is a mere gesture is not due process.   The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.   The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . . ."   *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

## NOTICE PLAN IMPLEMENTATION

### *Individual Notice*

11.    Epiq received one data file from counsel for the Defendant, which contained 2,471,576 records with Class Member email and/or mailing address data.  Epiq removed exact match duplicate records and invalid records, yielding 2,117,339 unique Class Member records. Some Class Member records had more than one email address, which resulted in 2,115,338 valid email addresses for the email notice and 7,451 valid mailing addresses for the postcard mailing (for Class Member records without a valid email address).

### *Email Notice*

12.    On January 7, 2019, Epiq disseminated Email Notice to 2,115,338 facially valid email addresses for Class Members.  The Email Notice was created using an embedded html text format. This format provided easy-to-read text without graphics, tables, images and other elements that would have increased the chance of the message being blocked by Internet Service Providers (ISPs) and/or SPAM filters.  Each Email Notice was transmitted with a unique message identifier. If the receiving e-mail server could not deliver the message, a "bounce code" was returned along with the unique message identifier.  For any Email Notice for which a bounce code was received indicating that the message was undeliverable, at least two additional attempts were made to deliver the Notice by email.

13.    The Email Notice included an embedded link to the case website.  By clicking the link, recipients can easily access the Long Form Notice, the Settlement Agreement, the Claim

Form and other information about the settlement.  Class Members are also able to easily file an online claim.

14.    To date, 429,537 of the emails remain undeliverable.  A true and correct copy of the Email Notice is appended as **Attachment 2**.

15.    For the 429,537 Email Notices that were returned as undeliverable, Epiq compared each record to the data provided by the Defendant in order to see if there was an associated physical mailing address.  This resulted in 163,358 records with a complete mailing address that could be sent the Postcard Notice.  This follow-up mailing will occur on February 13, 2019, well in advance of the March 8 claim filing deadline and March 13 opt-out deadline

### *Direct Mail*

16.    On January 7, 2019, Epiq mailed 7,451 Postcard Notices to all Class Member records with an associated valid physical address and no valid email address.  The Summary Postcard Notice was a two-image, 4.25" x 5.5" postcard.  A true and correct copy of the Postcard Notice is appended as **Attachment 3**.

17.    The Postcard Notice was sent via United States Postal Service ("USPS") first class mail.  Prior to mailing, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS.[3]  Any addresses that were returned by the NCOA database as invalid were updated through a third-party address search service.  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure zip code accuracy, and verified through Delivery Point Validation ("DPV") to ensure address accuracy.

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms, and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

This address updating process is standard in the industry and for the majority of promotional mailings that occur today.  Of the 7,451 Postcard Notices sent, 762 were undeliverable.

18.    Additionally, a Notice Packet (Long Form Notice and Claim Form) was mailed via USPS first-class mail to all persons who requested one via the toll-free telephone number.  As of February 5, 2019, 400 Notice Packets have been mailed as a result of such requests.  A true and correct copy of the Notice Packet, as printed and mailed, is appended as **Attachment 4**.

19.    The return address on the Notices is a post office box maintained by Epiq.  For Notices returned as undeliverable, Epiq is undertaking additional public record research, using a third-party lookup service ("ALLFIND", maintained by LexisNexis), to re-mail Notices to any new addresses that may be identified.  Address updating and re-mailing for undeliverable Postcard Notices is ongoing and will continue through the date of the Final Approval Hearing.

### *Internet Banner Notices*

20.    Banner Notices measuring 728 x 90 pixels and 300 x 250 pixels were placed online across the *Google Display Network*.  In addition, banners were placed on a *Google Display Network's* Custom Intent Audience targeted to consumers who actively search for "HP Printer" related topics.  Banner Notices measuring 254 x 133 pixels were placed on *Facebook*.  Banners also were placed on *Facebook* targeted to users who have identified an interest which includes HP-branded printers.

21.    Combined, approximately 70.3 million adult impressions will be generated by the Banner Notice, which ran for a 31-day period, from January 7, 2019 to February 7, 2019.  Clicking on the banner links the reader to the case website where, of course, they can obtain detailed

information about the Settlement.  True and correct examples of the Banner Notices are appended as **Attachment 5**.

### *Internet Sponsored Search Listings*

22.    To facilitate locating the case website, sponsored search listings were acquired on the three most highly-visited internet search engines: *Google*, *Yahoo!* and *Bing*.  When search-engine visitors search on common keyword combinations—including "HP Printer Settlement," "HP Printer Disablement," "OfficeJet Settlement," and "HP Firmware Lawsuit"—the sponsored search listing generally is displayed at the top of the page, above the search results, or in the upper right-hand column of the web-browser screen.

23.    As of February 4, 2019, the sponsored listings have been displayed 2,497 times, resulting in 339 clicks that displayed the case website.  A complete list of the sponsored search keyword combinations is appended as **Attachment 6**.  Examples of the sponsored search listing as displayed on each search engine can be viewed at **Attachment 7**.

### *Informational Release*

24.    On January 7, 2019, a party-neutral Informational Release was issued to approximately 5,000 general media (print and broadcast) outlets across the United States and 5,400 online databases and websites to build additional reach and extend exposures.  The Informational Release served a valuable role by providing additional notice exposures beyond those already provided by the paid media.  A true and correct copy of the Information Release is appended as **Attachment 8**.

*Case Website, Toll-free Telephone Number and Postal Mailing Address*

25.   On December 19, 2018, a dedicated website was established for the Settlement with an easy-to-remember domain name (www.HPPrinterFirmWareLawsuit.com).  Class Members are able to obtain detailed information about the case and review key documents, including the Claim Form, the Settlement Notices, the Settlement Agreement, the Plan of Allocation, the Consolidated Amended Complaint, and the Preliminary Approval Order, as well as answers to frequently asked questions (FAQs).  Importantly, Class Members have the opportunity to file a claim on the case website, including by clicking on the Claim Form directly on the home page. The Settlement website address was prominently displayed on all notice documents.

26.   As of February 1, 2019, there have been 96,950 unique visitors to the case website. Over 223,562 web pages have been presented to visitors.

27.   On December 19, 2019, a toll-free telephone number (1-877-861-1101) was established to allow Class Members to call for additional information, hear answers to FAQs and request that a Notice be mailed to them.  This toll-free number was prominently displayed on all Notice documents as well.  This automated phone system is available 24 hours per day, 7 days per week.  As of February 1, 2019, the toll-free number has handled 1,075 calls for 4,978 minutes of use.  Live operators have handled 331 in-bound calls, representing 3,505 minutes of use, as well as 23 outbound calls representing 68 minutes of use.

## STATUS OF CLAIMS PROCESS

28.   As of February 5, 2019, Epiq has received 7,332 claims, of which 2,698 included supporting documentation.

29.    These numbers are preliminary and the claims are subject to review and audit by Epiq.

30.    In accordance with Court's Preliminary Approval Order and the Settlement, Epiq will continue administering claims made through the March 8, 2019 deadline.

31.    As of February 5, 2019, Epiq has incurred $138,871 in expenses associated with identifying and notifying Class Members and administering the Settlement Fund.

32.    As provided in the Settlement Agreement, the expenses incurred to date have been paid by HP upon receipt of monthly invoices from Epiq.

## **CONCLUSION**

33.    In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by state and local rules and statutes, and by case law addressing the established notice standards under Rule 23.  This framework directs that a notice program be optimized to reach the class without erecting any barriers to class members' access to information about a settlement and their rights.  All of these requirements were met in this case.

34.    The Notice Plan schedule in this case afforded sufficient time to provide full and proper notice to Class Members before the opt-out and objection deadlines.

35.    I will provide a supplemental declaration to the Court before the Final Approval Hearing confirming the completion of all the media placements, providing information on final undeliverable and re-mailing totals, providing an exclusion request report and updating the administration statistics.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on February 7th, 2019, at Beaverton, Oregon.

Cameron R. Azari

Attachment 1

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

IN RE HP PRINTER FIRMWARE UPDATE
LITIGATION

Case No.:  5:16-cv-05820-EJD-SVK

### DECLARATION OF STEPHANIE J. FIERECK, ESQ.
### ON IMPLEMENTATION OF CAFA NOTICE

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.      My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am the Legal Notice Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

3.      Epiq is a firm with more than 20 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

4.      The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

### CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for the Defendant HP Inc. ("HP"), 58 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories and the Department of Justice

Assistant Attorney General for the Antitrust Division were identified to receive the CAFA notice.

6.      Epiq maintains a list of these state and federal officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On September 28, 2018, Epiq sent 58 CAFA Notice Packages ("Notice").  The Notice was mailed by certified mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories.  The Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States and the Department of Justice Assistant Attorney General for the Antitrust Division.  The CAFA Notice Service List (USPS Certified Mail and UPS) is attached hereto as **Attachment 1**.

8.      The materials sent to the Attorneys General and the Assistant Attorney General included a cover letter, which provided notice of the proposed settlement of the above-captioned case.  The cover letter is attached hereto as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

a.      Plaintiffs' original and amended Complaints, their Consolidated Amended Complaint, and the Second Consolidated Amended Complaint;

b.      Proposed long-form and summary notice;

c.      Executed Settlement Agreement between Plaintiffs and HP; and

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

   d.   Geographic Location of HP Class Printer Owners who Registered their

Printers with HP.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on

December 13, 2018.

Stephanie J. Fiereck, Esq.

Attachment 1

**CAFA Notice Service List**
**USPS Certified Mail**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Jahna Lindemuth | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Cynthia Coffman | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | George Jepsen | 55 Elm St | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 441 4th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Matt Denn | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Pam Bondi | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Russell Suzuki | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Lisa Madigan | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Curtis T Hill Jr | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Andy Beshear | Capitol Ste 118 | 700 Capitol Ave | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | 1885 N Third St | | Baton Rouge | LA | 70802 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Janet T Mills | 6 State House Sta | | Augusta | ME | 04333 |
| Department of Attorney General | Bill Schuette | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Lori Swanson | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Josh Hawley | PO Box 899 | | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Jim Hood | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Tim Fox | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | | Lincoln | NE | 68509 |
| Office of the Attorney General | Gordon MacDonald | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Gurbir S Grewal | 8th Fl West Wing | 25 Market St | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Adam Paul Laxalt | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | Barbara Underwood | The Capitol | | Albany | NY | 12224 |
| Office of the Attorney General | Mike DeWine | 30 E Broad St 14th Fl | | Columbus | OH | 43215 |
| Office of the Attorney General | Mike Hunter | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter Kilmartin | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | Rembert Dennis Office Bldg | 1000 Assembly St Rm 519 | Columbia | SC | 29201 |
| Office of the Attorney General | Marty J Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | Utah State Capitol Complex | 350 North State St Ste 230 | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | T.J Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Brad D. Schimel | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Peter K Michael | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Talauega Eleasalo V. Ale | Executive Office Building | 3rd Floor | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Elizabeth Barrett-Anderson | ITC Building | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Wanda Vazquez Garced | Apartado 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Claude Walker | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---------|----------|----------|----------|------|-------|-----|
| US Department of Justice | Jeff Sessions | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |
| US Department of Justice | Makan Delrahim | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

# Attachment 2

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Rod Stone
Direct: +1 213.229.7256
Fax: +1 213.229.6256
RStone@gibsondunn.com

Client: 38126-00709

September 28, 2018

VIA USPS CERTIFIED MAIL OR UPS

Jefferson B. Sessions III
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC  20530

The Attorneys General and the U.S.
Department of Justice Assistant Attorney
General for the Antitrust Division, as listed on
Attachment A

Re:     **Notice of Proposed Settlement Pursuant to the Class Action Fairness Act (28
        U.S.C. § 1715):** *In re HP Printer Firmware Update Litigation*, **5:16-cv-05820-EJD,
        in the United States District Court for the Northern District of California**

Dear Attorney General Sessions:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715,
Defendant HP Inc. ("HP") provides notice of the proposed settlement with the Plaintiffs in
the above-titled action.  A copy of this Notice is being provided concurrently to the Attorney
General of every State, the District of Columbia, Puerto Rico, and every U.S. territory, as
well as the Department of Justice's Antitrust Division.

## BACKGROUND

This litigation and class action settlement involves a technology known as dynamic security,
which was contained within firmware installed on certain HP printers.  Plaintiffs Richard San
Miguel, DeLores Lawty, Robert Doty, Richard Faust, and James Andrews (collectively,
"Plaintiffs") allege that in September 2016, dynamic security caused a subset of inkjet printer
models to no longer print using certain third-party replacement ink cartridges that contained
non-HP security chips.

Plaintiffs originally brought five separate lawsuits based on these events, two of which were
dismissed and the remainder of which were consolidated into the instant matter.  In their
most recent consolidated complaint, Plaintiffs allege that HP violated California's Unfair

**GIBSON DUNN**

Jefferson B. Sessions III
September 28, 2018
Page 2

Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, several states' consumer protection laws, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, and California's Computer Crime Law, Cal. Penal Code § 502, and committed trespass and tortious interference with contractual relations and/or prospective economic advantage.

The parties engaged in discovery, including written discovery and depositions. On February 7, 2018, Plaintiffs moved for class certification of (1) a subclass of California printer owners seeking injunctive relief, and (2) a national class of consumers who experienced print interruptions. On March 29, 2018, while briefing on Plaintiffs' motion for class certification was still ongoing, the Court granted in part and denied in part HP's motion to dismiss. Informed by this order, Plaintiffs and HP entered into settlement discussions and spent several months negotiating the agreement that has now been submitted to the Court for approval.

Plaintiffs filed their motion for preliminary approval on September 18, 2018. The motion included a copy of the written settlement agreement, proposed forms of notice, proposed orders, and other supporting documents. The Plaintiffs' filing triggered the notice provisions of 28 U.S.C. § 1715.

### COMPLIANCE WITH 28 U.S.C. § 1715

Each of the requirements of 28 U.S.C. § 1715 is addressed below. The referenced exhibits are provided electronically as PDF files in the enclosed CD.

### 1.      The Complaints and Related Materials

Enclosed as Exhibit A are copies of Plaintiffs' original and amended Complaints, their Consolidated Amended Complaint, and the Second Consolidated Amended Complaint.

### 2.      Notice of Scheduled Judicial Hearings

A hearing on Plaintiffs' motion for preliminary approval has been noticed for November 8, 2018, at 9:00 a.m. PDT. The Court has not yet scheduled a hearing on final approval of the settlement. Plaintiffs' motion for preliminary approval requests that the final approval hearing be held no less than 120 days after any order preliminarily approving the settlement. Moreover, pursuant to 28 U.S.C. § 1715(d), any order of final approval cannot be issued earlier than December 27, 2018 (90 days from the date of this notice). The hearings will be held at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, California.

**GIBSON DUNN**

Jefferson B. Sessions III
September 28, 2018
Page 3

**3.     Proposed Notification to Class Members**

Copies of the proposed long-form and summary notice are enclosed as Exhibit B.  Pursuant to the plan of notice proposed by Plaintiffs in their motion for preliminary approval, the class action administrator will be responsible for sending direct notice via email to all settlement class members, with additional direct notice via first class mail to certain class members for whom email addresses are not available.  Notice will also be provided via digital publication.

**4.     Proposed Class Action Settlement Agreement**

A copy of the executed Settlement Agreement between Plaintiffs and HP is enclosed as Exhibit C.

**5.     Any Settlement or Other Agreement**

There is no other agreement between Plaintiffs or their counsel, on the one hand, and HP or its counsel, on the other hand, other than the Settlement Agreement enclosed as Exhibit C.

**6.     Final Judgment**

There has been no final judgment or notice of dismissal entered by the Court.

**7.     Estimate of Class Members in Each State**

Due to the nature of the proposed settlement class, HP is not able to precisely estimate the number or percentage of class members in each state.  HP has geographic locations for approximately 980,000 class members who provided their mailing addresses while registering their printers with HP for warranty purposes.  The percentage of these customers in each state is attached as Exhibit D.  Outside of the data provided in Exhibit D, HP is unable to provide a more precise estimate of geographic distribution for the class.

The proposed plan of allocation will not take a settlement class member's state of residence into account, and two similarly situated settlement class members from different states will be entitled to receive the same allocation.

**8.     Judicial Opinions Related to the Settlement**

The Court has not issued any opinions related to the proposed settlement.  A hearing on Plaintiffs' motion for preliminary approval has been noticed for November 8, 2018, as described above.

# GIBSON DUNN

Jefferson B. Sessions III
September 28, 2018
Page 4


If you have any questions about this notice, the lawsuit or the materials enclosed, please contact the undersigned counsel.

Sincerely,

*/s/ Rod Stone*


Rod Stone

RJS/sem

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Makan Delrahim | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |
| Office of the Attorney General | Jahna Lindemuth | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Cynthia Coffman | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | George Jepsen | 55 Elm St | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 441 4th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Matt Denn | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Pam Bondi | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Russell Suzuki | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Lisa Madigan | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Curtis T Hill Jr | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Andy Beshear | Capitol Ste 118 | 700 Capitol Ave | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | 1885 N Third St | | Baton Rouge | LA | 70802 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Janet T Mills | 6 State House Sta | | Augusta | ME | 04333 |
| Department of Attorney General | Bill Schuette | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Lori Swanson | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Josh Hawley | PO Box 899 | | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Jim Hood | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Tim Fox | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | | Lincoln | NE | 68509 |
| Office of the Attorney General | Gordon MacDonald | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Gurbir S Grewal | 8th Fl West Wing | 25 Market St | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Adam Paul Laxalt | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | Barbara Underwood | The Capitol | | Albany | NY | 12224 |
| Office of the Attorney General | Mike DeWine | 30 E Broad St 14th Fl | | Columbus | OH | 43215 |
| Office of the Attorney General | Mike Hunter | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter Kilmartin | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | Rembert Dennis Office Bldg | 1000 Assembly St Rm 519 | Columbia | SC | 29201 |
| Office of the Attorney General | Marty J Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | Utah State Capitol Complex | 350 North State St Ste 230 | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | TJ Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Brad D. Schimel | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Peter K Michael | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Talauega Eleasalo V. Ale | Executive Office Building | 3rd Floor | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Elizabeth Barrett-Anderson | ITC Building | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Wanda Vazquez Garced | Apartado 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Claude Walker | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

# Attachment 2

Unique ID: $$Unique$$

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*In re HP Printer Firmware Update Litigation*, No. 5:16-cv-05820-EJD (N.D. Cal.)

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been reached with HP in a class action lawsuit about Dynamic Security, a technology HP placed on certain of its inkjet printers. Plaintiffs allege Dynamic Security caused printers to stop working if they were using certain non-HP replacement ink cartridges. HP agrees under the Settlement not to reactivate Dynamic Security in the Class Printers and to pay $1.5 million. HP denies that it did anything wrong.

### WHO IS INCLUDED?

You are a Class Member, and are included in the Settlement, if you owned a Class Printer between March 1, 2015, and December 31, 2017. The Class Printers are as follows:

- HP OfficeJet Pro 6230, 6830, 6835
- HP OfficeJet 6812, 6815, 6820
- HP OfficeJet Pro 8610, 8615, 8616, 8620, 8625, 8630
- HP OfficeJet Pro X451dn, X451dw, X476dn, X476dw, X551dw, X576dw

### WHAT CAN I GET?

To get money from the Settlement, you must be a Class Member whose Class Printer experienced a print interruption while using a working non-HP replacement ink cartridge between March 1, 2015, and December 31, 2017. You can get reimbursed for out-of-pocket expenses like the cost of replacement cartridges, a replacement printer, or printing or printer repair services. You can make a claim and attach receipts or other documentation of your losses. Or, you can make a claim for lost money or time without attaching documentation by providing the information requested on the Claim Form about your print interruption. The Settlement money will be used to pay all documented claims first, with any remaining money divided equally among all Class Members. The amount of money Authorized Claimants will get will depend on the number and type of claims submitted.

### HOW DO I SUBMIT A CLAIM?

To get money, you must submit a completed Claim Form postmarked by **March 8, 2019**. You can make a claim at www.HPPrinterFirmwareLawsuit.com. You can also contact the Claims Administrator to request a paper Claim Form by telephone a t 1-877-861-1101, or by U.S. Mail at HP Printer Firmware Claims Administrator, P.O. Box 4079, Portland, OR 97208-4079, and submit the Claim Form to the same U.S. Mail address or fax it to 1-866-741-1848.

### YOUR OTHER OPTIONS

If you wish to be excluded from the Settlement, you must submit your opt-out request online or by mail postmarked by **March 13, 2019**. If you submit a Claim Form or do nothing, you will be bound by the Settlement and will give up your right to sue HP about Dynamic Security. If you do not opt out, you may comment on or object to the Settlement by **March 26, 2019**. For more

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing on **April 25, 2019 at 09:00 AM in San Jose, Courtroom 4, 5th Floor before**, before Judge Edward J.Davilla to consider whether to approve the Settlement. The Court will also consider requests by Class Counsel for HP to pay their attorneys' fees and costs, as well as service awards for the representative Class Plaintiffs, separately from the $1.5 million fund. The date or time of the hearing may change. Check www.HPPrinterFirmwareLawsuit.com for updates.

## ADDITIONAL INFORMATION

**This is a summary.** For more information about your rights and options, visit www.HPPrinterFirmwareLawsuit.com. You may also call toll-free 1-877-861-1101, or write to HP Printer Firmware Claims Administrator, P.O. Box 4079, Portland, OR 97208-4079.

**For a copy of the Settlement Agreement or Claim Form,
Visit www.HPPrinterFirmwareLawsuit.com or call 1-877-861-1101.**

Attachment 3

HP Printer Firmware
Claims Administrator
PO Box 4079
Portland, OR 97208-4079

PRESORTED
FIRST-CLASS MAIL
AUTO
U.S. POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2882

Unique ID: ▮▮▮▮▮▮▮▮▮▮

**NOTICE OF PROPOSED CLASS
ACTION SETTLEMENT**

*In re HP Printer Firmware
Update Litigation,*
No. 5:16-cv-05820-EJD (N.D. Cal.)

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this notice. This is
not a solicitation from a lawyer.*



1
1

A settlement has been reached with HP in a class action lawsuit about Dynamic Security, a technology HP placed on certain of its inkjet printers. Plaintiffs allege Dynamic Security caused printers to stop working if they were using certain non-HP replacement ink cartridges. HP agrees under the settlement not to reactivate Dynamic Security in the Class Printers and to pay $1.5 million. HP denies that it did anything wrong.

**WHO IS INCLUDED?** You are a class member, and are included in the Settlement, if you owned a Class Printer between March 1, 2015 and December 31, 2017. The Class Printers are:

- HP OfficeJet Pro 6230, 6830, 6835
- HP OfficeJet 6812, 6815, 6820
- HP OfficeJet Pro 8610, 8615, 8616, 8620, 8625, 8630
- HP OfficeJet Pro X451dn, X451dw, X476dn, X476dw, X551dw, X576dw

**WHAT CAN I GET?** To get money from the Settlement, you must be a class member whose Class Printer experienced a print interruption while using a working non-HP replacement ink cartridge between March 1, 2015 and December 31, 2017. You can get reimbursed for out-of-pocket expenses like the cost of replacement cartridges, a replacement printer, or printing or printer repair services. You can make a claim and attach receipts or other documentation of your losses. Or, you can make a claim for lost money or time without attaching documentation by providing the information requested on the Claim Form about your print interruption. The settlement money will be used to pay all documented claims first, with any remaining money divided equally among all class members. The amount of money claimants will get will depend on the number and type of claims submitted.

**HOW DO I SUBMIT A CLAIM?** To get money, you must submit a completed Claim Form postmarked

by March 13, 2019. You can make a claim at www.HPPrinterFirmwareLawsuit.com. You can also contact the Claims Administrator to request a paper Claim Form by telephone at 1-877-861-1101 or by U.S. mail at HP Printer Firmware Claims Administrator, PO Box 4079, Portland, OR 97208-4079, and submit the Claim Form to the same U.S. mail address or Fax it to 1-866-741-1848.

**YOUR OTHER OPTIONS.** If you wish to be excluded from the Settlement, you must submit your opt-out request online or by mail postmarked by **March 13, 2019**. If you submit a Claim Form or do nothing, you will be bound by the Settlement and will give up your right to sue HP about Dynamic Security. If you do not opt out, you may comment on or object to the Settlement by **March 26, 2019**. For more information, visit www.HPPrinterFirmwareLawsuit.com.

**THE COURT'S FINAL APPROVAL HEARING.** The Court will hold a hearing on **April 25, 2019 at 9:00 a.m.** to consider whether to approve the Settlement. The Court will also consider requests by Class Counsel for HP to pay their attorneys' fees and costs, as well as service awards for the representative class plaintiffs, separately from the $1.5 million fund. The date or time of the hearing may change. Check www.HPPrinterFirmwareLawsuit.com for updates.

**ADDITIONAL INFORMATION.** This is a summary. For more information about your rights and options, visit www.HPPrinterFirmwareLawsuit.com. You may also call toll-free 1-877-861-1101, or write to HP Printer Firmware Claims Administrator, PO Box 4079, Portland, OR 97208-4079.

**For a copy of the Settlement Agreement or Claim Form, visit www.HPPrinterFirmwareLawsuit.com or call 1-877-861-1101.**

W2331 v.03

Attachment 4

HP Firmware Update Litigation
P.O. Box 4079
Portland, OR 97208-4079

# This Page Intentionally Left Blank

*In re HP Firmware Update Litigation*
*P.O. Box 4079*
*Portland, OR 97208-4079*

www.HPPrinterFirmwareLawsuit.com

## <u>Your claim must be uploaded or postmarked by March 8, 2019.</u>

# CLAIM FORM INSTRUCTIONS

### IMPORTANT: PLEASE READ BEFORE COMPLETING THIS CLAIM FORM.

You are a member of the Class and eligible for a settlement payment if you owned one or more of the following HP printers during the period from March 1, 2015, through December 31, 2017 ("Class Printers"):

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815
- HP OfficeJet 6820
- HP OfficeJet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610
- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630
- HP OfficeJet Pro X551dw
- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

**If you are a member of the Class based on the above definition, you may submit a Claim Form. Please complete Sections A, B, and C below, and return the completed Claim Form to the Claims Administrator by mail at the address above. You may also submit your claim online at www.HPPrinterFirmwareLawsuit.com or by fax to 1-866-741-1848.**

To get money from the Settlement, you must be a Class Member who experienced a print interruption while using a non-HP ink cartridge in a Class Printer. In addition to compensation for lost time, you can get reimbursed for out-of-pocket expenses like the cost of replacement cartridges, a replacement printer, and/or printing or printer repair services.

To make a claim, you must confirm or provide your current contact information, and swear to certain facts listed in the Claim Form that show you are eligible to get money from the Settlement. Then, you have two options: you can make a claim and attach documentation of your losses (for example, receipts), or you can make a claim without attaching documentation by providing the information requested on the Claim Form about the print interruption that you experienced.

#### *Option 1: Documented Claim*

Make a claim and provide documentation of losses. Fill out the Claim Form and submit documentation (e.g., receipts, payment card statements, or photographs) of out-of-pocket expenses that resulted from the print interruption. Expenses may include amounts paid for replacement cartridges, a replacement printer, and/or printing or printer repair services.

#### *Option 2: Claim Without Documentation*

Make a claim without documentation of losses. You can fill out the Claim Form and submit it without documentation of losses. However, you must write on the Claim Form (1) the month and year when the print interruption occurred, (2) the brand of non-HP cartridges installed in the Class Printer at the time, and (3) the seller from which those cartridges were purchased.

The Claims Administrator will review your submission and determine your payment. Documented claims will be paid in full before claims without documentation are paid.



**01-CA3810**
V6091 v.03 01.04.2019

# CLAIM FORM

## SECTION A: NAME AND CONTACT INFORMATION

Provide your name and contact information below. If your name or contact information changes after you submit this Claim Form, please notify the Claims Administrator of the new information.

**FIRST NAME**  **MI**  **LAST NAME**

**BUSINESS NAME**

**STREET ADDRESS**

**CITY**  **STATE**  **ZIP CODE**

**EMAIL ADDRESS**

**UNIQUE ID#**

**PLEASE LIST THE NUMBER OF INTERRUPTED PRINTERS NEXT TO THEIR CORRESPONDING PRINTER NAME IN THE CHART BELOW.**

| Printer names | No. of Printers |
|---|---|
| HP OfficeJet Pro 6230 | |
| HP OfficeJet 6812 | |
| HP OfficeJet 6815 | |
| HP OfficeJet 6820 | |
| HP OfficeJet Pro 6830 | |
| HP OfficeJet Pro 6835 | |
| HP OfficeJet Pro 8610 | |
| HP OfficeJet Pro 8615 | |
| HP OfficeJet Pro 8616 | |
| HP OfficeJet Pro 8620 | |
| HP OfficeJet Pro 8625 | |
| HP OfficeJet Pro 8630 | |
| HP OfficeJet Pro X551dw | |
| HP OfficeJet Pro X451dn | |
| HP OfficeJet Pro X451dw | |
| HP OfficeJet Pro X576dw | |
| HP OfficeJet Pro X476dn | |
| HP OfficeJet Pro X476dw | |



## SECTION B: TYPE OF CLAIM AND PAYMENT ELECTION

There are two ways to make a claim. Please read the **Claim Form Instructions** for more information about these options.

### OPTION 1 – <u>DOCUMENTED CLAIM</u>

☐ I am submitting a Claim Form and attaching documented proof of loss.

Enter the total amount of documented losses you are claiming:      $ ⬚⬚⬚⬚⬚ . ⬚⬚

Note: Documentation may include, for example, receipts, payment card statements, or photographs that show out-of-pocket expenses resulting from your print interruption. Expenses may include amounts paid for replacement cartridges, a replacement printer, and/or printing or printer repair services.

### OPTION 2 – <u>CLAIM WITHOUT DOCUMENTATION</u>

☐ I am submitting a Claim Form without documented proof of loss.

To the best of my knowledge, the following information is true and accurate (fill in the blanks):

(1) I experienced a print interruption on ⬚⬚ – ⬚⬚⬚⬚
                                           MM        YYYY

(2) At the time of the print interruption, I had a

⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

(brand name of the non-HP ink cartridge) ink cartridge installed in my Class Printer.

(3) I purchased the non-HP cartridge(s) from

⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

(name of store or website).

**<u>Please fill out the information above for each printer you are claiming benefits for under the Settlement. If you need additional spaces, please see the addendum that has been attached to this form.</u>**

### PAYMENT ELECTION:

Please indicate how you would like to receive your payment from the options listed below and provide the corresponding information.

☐ I would like to receive a check via mail. I understand it is my responsibility to inform the Claims Administrator of any changes to my contact information provided in Section A of this Claim Form.

☐ I would like my payment sent to me as an eCheck to be digitally deposited. Please issue my payment to the following email address:

⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

☐ I would like my payment to be sent to my PayPal account. Please issue my payment to the following email address:

⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

☐ I would like my payment sent to my Amazon account. Please issue my payment to the following email address:

⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚



**03-CA3810**
V6003 v.03 01.04.2019

## SECTION C: VERIFICATION

By signing below and submitting this Claim Form, I hereby affirm that

(1) I am the person identified above, and the information provided in this Claim Form is true and accurate;
(2) I owned one or more of the following HP printers during the period from March 1, 2015, through December 31, 2017 ("Class Printers"):

- HP OfficeJet Pro 6230
- HP OfficeJet 6812, 6815, 6820
- HP OfficeJet Pro 6830, 6835, 8610, 8615, 8616, 8620, 8625, 8630
- HP OfficeJet Pro X451dn, X451dw, X476dn, X476dw, X551dw, X576dw;

(3) my Class Printer experienced an interruption in printing between March 1, 2015, and December 31, 2017;
(4) the interruption happened when the Class Printer had working non-HP ink cartridges installed; and
(5) I have not been reimbursed or otherwise compensated for the out-of-pocket losses I have claimed.

Date ☐ – ☐ – ☐
MM    DD    YY

**SIGNATURE**

**PRINTED NAME**

**CLAIM FORM REMINDER CHECKLIST:**

1. Complete sections A, B, and C of the Claim Form.

2. Remember to attach only **copies** of supporting documents, as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and supporting documents for your records.

5. If your name or contact information changes after you submit this Claim Form, please notify the Claims Administrator of the new information.

6. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below.

THIS CLAIM FORM MUST BE UPLOADED TO **www.HPPrinterFirmwareLawsuit.com** NO LATER THAN **MARCH 8, 2019**, OR FAXED TO 1-866-741-1848 NO LATER THAN **MARCH 8, 2019**, OR MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL POSTMARKED NO LATER THAN **MARCH 8, 2019**, TO THE FOLLOWING ADDRESS:

*In re HP Firmware Update Litigation*
*c/o Claims Administrator*
*P.O. Box 4079*
*Portland, OR 97208-4079*
www.HPPrinterFirmwareLawsuit.com

*In re HP Firmware Update Litigation*
*P.O. Box 4079*
*Portland, OR 97208-4079*

www.HPPrinterFirmwareLawsuit.com

## ADDITIONAL CLAIM WITHOUT DOCUMENTATION FORM

I am submitting a Claim Form without documented proof of loss.

To the best of my knowledge, the following information is true and accurate (fill in the below table):

| Printer name(s) | Experienced Print Interruption on Month of YYYY | During Print Interruption, brand name of the non-HP ink cartridge installed in my Class Printer | Name of the store or website where I purchased the non-HP cartridge(s) |
|---|---|---|---|
| *Ex: HP OfficeJet Pro 6230* | 1 2 – 2 0 1 9<br>DD    YYYY | *Cannon* | *Staples* |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |
| | ☐☐ – ☐☐☐☐<br>DD    YYYY | | |

| | DD – YYYY | | |
|---|---|---|---|
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |
| | DD – YYYY | | |

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this notice. This is not a solicitation from a lawyer.*

# If Your HP Printer Stopped Working with Non-HP Replacement Cartridges, You Could Be Eligible for a Payment from a Class Action Settlement

- You could receive a payment from a class action settlement.

- The lawsuit is about Dynamic Security, a technology that HP placed on certain of its inkjet printers. Plaintiffs allege that Dynamic Security caused some of the printers to stop working if they were using certain non-HP replacement ink cartridges.

- Under the settlement, HP agrees not to employ Dynamic Security on the printer models in question. HP will also pay $1.5 million to printer owners who experienced print interruptions because of Dynamic Security.

- Visit www.HPPrinterFirmwareLawsuit.com to make a claim. You can also opt out of, comment on, or object to the Settlement.

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. | March 8, 2019 |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to keep your right to bring any other lawsuit against HP for claims related to this case. | March 13, 2019 |
| **COMMENT ON OR OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | You can write to the Court about why you like or do not like the Settlement. You can't ask the Court to order a larger settlement. You can also ask to speak to the Court at the hearing on April 25, 2019 about the fairness of the Settlement, with or without your own attorney. | March 26, 2019 |
| **DO NOTHING** | Get no payment. Give up rights. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ................................................................................................................. 3

WHO IS IN THE SETTLEMENT ................................................................................................. 3

THE SETTLEMENT BENEFITS ................................................................................................ 4

HOW TO GET A PAYMENT—MAKING A CLAIM ................................................................ 5

THE LAWYERS REPRESENTING YOU ................................................................................. 5

EXCLUDING YOURSELF FROM THE SETTLEMENT ......................................................... 6

COMMENTING ON OR OBJECTING TO THE SETTLEMENT ............................................ 6

THE COURT'S FINAL APPROVAL HEARING ...................................................................... 7

IF I DO NOTHING ....................................................................................................................... 8

GETTING MORE INFORMATION ........................................................................................... 8

**QUESTIONS?  CALL 1-877-861-1101 OR VISIT www.HPPrinterFirmwareLawsuit.com**

V6082 v.02

# BASIC INFORMATION

## 1. Why did I get this notice?

A court authorized this notice because people described in Question 5 of this notice have the right to know about a legal settlement. If you qualify, you could be eligible to receive a payment.

**To know if you qualify, see the answer to Question 5.**

The people who sued are called the Plaintiffs. The company they sued, HP Inc. ("HP"), is called the Defendant.

## 2. What is this lawsuit about?

HP created Dynamic Security and installed it via firmware on certain of its inkjet printer models in 2015 and 2016. Because of Dynamic Security, some HP printers with certain non-HP replacement cartridges stopped printing. Plaintiffs claim that HP used Dynamic Security to steer people to buy its own replacement products. HP denies Plaintiffs' claims and says that the purpose of Dynamic Security was to protect its intellectual property, reduce cartridge counterfeiting, and protect the quality of the user experience.

## 3. What is a class action?

In a class action the Plaintiffs act as "class representatives" and sue on behalf of themselves and other people who have similar claims. This group of people is called the "class," and the people in the class are called "class members." One court resolves the issues for all class members, except for people who exclude themselves from the class. Judge Edward J. Davila of the United States District Court for the Northern District of California is in charge of this case. The case is *In re HP Printer Firmware Update Litigation*, No. 5:16-cv-05820-EJD (N.D. Cal.).

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and class members get benefits or compensation. The class representatives and their attorneys think the settlement is best for the class.

# WHO IS IN THE SETTLEMENT

## 5. Who is in the Settlement?

You are a class member, and are included in the Settlement, if you owned a Class Printer during the period from March 1, 2015 through December 31, 2017. The Class Printers are the following product models:

- HP OfficeJet Pro 6230
- HP OfficeJet 6812
- HP OfficeJet 6815
- HP OfficeJet 6820
- HP OfficeJet Pro 6830
- HP OfficeJet Pro 6835
- HP OfficeJet Pro 8610

**QUESTIONS?  CALL 1-877-861-1101 OR VISIT www.HPPrinterFirmwareLawsuit.com**

- HP OfficeJet Pro 8615
- HP OfficeJet Pro 8616
- HP OfficeJet Pro 8620
- HP OfficeJet Pro 8625
- HP OfficeJet Pro 8630
- HP OfficeJet Pro X551dw
- HP OfficeJet Pro X451dn
- HP OfficeJet Pro X451dw
- HP OfficeJet Pro X576dw
- HP OfficeJet Pro X476dn
- HP OfficeJet Pro X476dw

You can tell what model you own or owned by looking for a model number on the front of your printer.  If you are unable to determine which model HP printer you own, please call HP customer service at 800-474-6836 and a customer service representative will assist you.

### 6. What should I do if I am still not sure whether I am included?

If you are not sure whether you are included in the class, you can ask for free help by calling the Claims Administrator at 1-877-861-1101 for more information.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

HP has released an update to its firmware that turns off Dynamic Security in the Class Printers, and agrees not to use Dynamic Security on the Class Printers in the future. HP also will pay $1,500,000 into a Settlement Fund, which will be distributed to class members who submit valid claims.

### 8. Who can get money from the Settlement, and how much?

To get money from the Settlement, you must be a class member who experienced a print interruption while using a non-HP replacement ink cartridge in a Class Printer between March 1, 2015 and December 31, 2017. You can get reimbursed for expenses you incurred as a result of the print interruption. These expenses may include the costs of a replacement cartridge, a replacement printer, or printer repair services. You can also make a claim without providing any documentation of out-of-pocket losses, if you spent time or money in response to this print interruption.  The Fund will first be applied to pay all documented claims of out-of-pocket losses resulting from such print interruptions. After all documented claims have been paid in full, the remaining amount in the Fund will be divided equally among all class members, including class members who made a claim without supporting documentation. So the amount you get will depend on the number of valid documented and undocumented claims.

For information on how to make a claim, see Question 10 and www.HPPrinterFirmwareLawsuit.com. For information on the Plan of Allocation, see www.HPPrinterFirmwareLawsuit.com.

### 9. What am I giving up if I stay in the class?

Unless you exclude yourself with an opt-out request (*see* Question 16), you <u>cannot</u> sue, continue to sue, or be part of any other lawsuit against HP about the issues in this case. The "Releases" section in

the Settlement Agreement describes the legal claims that you give up if you remain in the settlement class. The Settlement Agreement can be viewed at www.HPPrinterFirmwareLawsuit.com.

# HOW TO GET A PAYMENT—MAKING A CLAIM

## 10. How can I get a payment?

If you owned a Class Printer during the period from March 1, 2015 through December 31, 2017, you can make a claim at www.HPPrinterFirmwareLawsuit.com. You can also contact the Claims Administrator to request a paper claim form by telephone at 1-877-861-1101 or by U.S. mail at HP Printer Firmware Claims Administrator, PO Box 4079, Portland, OR 97208-4079, and submit the Claim Form to the same U.S. mail address or Fax it to 1-866-741-1848.

## 11. What is the deadline for submitting a claim form?

To be eligible for payment, claim forms must be submitted electronically or postmarked no later than **March 8, 2019**.

## 12. When will I get my payment?

The Court will hold a hearing on **April 25, 2019 at 9:00 a.m.**, to decide whether to approve the Settlement. If the Settlement is approved, the Claims Administrator anticipates that payments will be sent out within 3 months.

Updates regarding the Settlement and when payments will be made will be posted on the Settlement website, www.HPPrinterFirmwareLawsuit.com.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court appointed the law firms of Girard Sharp LLP, Law Offices of Todd M. Friedman, P.C., and Joseph Saveri Law Firm, Inc. to represent you and the other class members. These firms are called Class Counsel. You will not be charged for their services.

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

## 15. How will the lawyers be paid?

You do not have to pay Class Counsel. Class Counsel will seek an award to be paid separately by HP. Such an award will not reduce the $1.5 million Fund or the amounts paid to Class Members. Class Counsel have not been paid for their services in this case since it began, and will seek an award not to exceed $2.75 million for work done to date in the litigation, as well as reimbursement of reasonable litigation expenses of no more than $150,000. The fees will compensate Class

Counsel for investigating the facts, litigating the case, and negotiating and presenting the Settlement for court approval.

Class Counsel will also ask the Court to approve service award payments of $5,000 to each of the individual class representatives: Richard San Miguel, DeLores Lawty, Richard Faust, Christopher Ware, and James Andrews. If approved, these awards will be paid by HP separately from the Fund.

The costs of providing this notice and administering the Settlement are being paid by HP.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from the Settlement, and you want to keep your right, if any, to sue HP on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the settlement class.

| 16. How do I get out of the Settlement? |
| --- |

You may opt out online by **March 13, 2019**, at www.HPPrinterFirmwareLawsuit.com. Click on the "Opt Out" tab and provide the requested information.

You may also opt out by sending a letter that includes the following to the address below:

- Your name and address;
- A statement that you want to be excluded from the Settlement; and
- Your signature.

HP Printer Firmware Claims Administrator
PO Box 4079
Portland, OR 97208-4079

Mailed opt-out requests must be postmarked no later than **March 13, 2019**.

| 17. If I don't opt out, can I sue HP for the same thing later? |
| --- |

No. Unless you opt out, you give up the right to sue HP for the claims the Settlement resolves. You must exclude yourself from the class if you want to try to pursue your own lawsuit.

| 18. What happens if I opt out? |
| --- |

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the Settlement; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on the claims alleged in the case at your own expense.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

| 19. How do I tell the Court if I don't like the Settlement? |
| --- |

If you're a class member and do not opt out of the Settlement, you can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

**QUESTIONS?  CALL 1-877-861-1101 OR VISIT www.HPPrinterFirmwareLawsuit.com**

You may object to the proposed Settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

To object, you must file a document with the Court saying that you object to the proposed Settlement in *In re HP Printer Firmware Update Litigation*, Case 5:16-cv-05820-EJD. Be sure to include:

- Your name, address, and signature; and
- A detailed statement of your objection, including the grounds for the objection together with any evidence you think supports it.

You can mail the objection by First Class U.S. Mail, postmarked no later than **March 26, 2019**, to the following address:

> Clerk of the Court
> U.S. District Court for the
> Northern District of California
> 280 South 1st Street, Room 2112
> San Jose, CA 95113
> Case No. 5:16-cv-05820-EJD

If you do not mail the objection, you must either deliver it in person to this address or file it electronically at https://www.cand.uscourts.gov/cm-ecf, no later than **March 26, 2019**.

### 20. What's the difference between objecting and excluding?

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out <u>and</u> object to the Settlement.

## THE COURT'S FINAL APPROVAL HEARING

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **April 25, 2019 at 9:00 a.m.**, in Courtroom 4 of the San Jose federal courthouse, located at 280 South 1st Street, San Jose, CA 95113.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing.

The Court may also decide how much Class Counsel should receive in fees and expense reimbursements. After the hearing, the Court will decide whether to approve the Settlement.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this notice. The date of the Final Approval Hearing may change without further notice to the class members. Be sure to check the website, www.HPPrinterFirmwareLawsuit.com, for news of any such changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

## 22. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include a statement in your written objection (discussed above at Question 19) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well.

You cannot speak at the hearing if you exclude yourself from the class.

# IF I DO NOTHING

## 24. What happens if I do nothing at all?

If you do nothing, you'll be a member of the Settlement Class, you'll get no money from this Settlement, and you won't be able to sue HP for the conduct alleged in this case.

# GETTING MORE INFORMATION

## 25. Are more details about the Settlement available?

Yes. This notice summarizes the proposed Settlement—more details are in the Settlement Agreement, the Plan of Allocation, and other important case documents. You can get a copy of these and other documents at www.HPPrinterFirmwareLawsuit.com, by contacting Class Counsel at ekramer@girardsharp.com, by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building and United States Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

## 26. How do I get more information?

The website, www.HPPrinterFirmwareLawsuit.com, has the claim form, answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

You can also call or write to the Claims Administrator at:

HP Printer Firmware Claims Administrator
PO Box 4079
Portland, OR 97208-4079

Class Counsel can be reached by calling Elizabeth Kramer at (415) 981-4800 or emailing ekramer@girardsharp.com.

**QUESTIONS?  CALL 1-877-861-1101 OR VISIT www.HPPrinterFirmwareLawsuit.com**

V6088 v.02

Attachment 5









# Attachment 6

## HP Printer Firmware - Sponsored Search Keywords

HP Printer Settlement
HP Printer Cartridge Settlement
HP Printer Firmware Settlement
HP Firmware Settlement
OfficeJet Settlement
OfficeJet Pro Settlement
HP Printer Lawsuit
HP Printer Cartridge Lawsuit
HP Printer Firmware Lawsuit
HP Firmware Lawsuit
OfficeJet Lawsuit
OfficeJet Pro Lawsuit
HP Printer Litigation
HP Printer Cartridge Litigation
HP Printer Firmware Litigation
HP Firmware Litigation
OfficeJet Litigation
OfficeJet Pro Litigation
HP Printer Class Action
HP Printer Cartridge Class Action
HP Printer Firmware Class Action
HP Firmware Class Action
OfficeJet Class Action
OfficeJet Pro Class Action
HP Printer Class Action Settlement
HP Printer Cartridge Class Action Settlement
HP Printer Firmware Class Action Settlement
HP Firmware Class Action Settlement
OfficeJet Class Action Settlement
OfficeJet Pro Class Action Settlement
HP Printer Disablement
OfficeJet Disablement
OfficeJet Pro Disablement

Attachment 7


Google

HP Printer Lawsuit

All   News   Shopping   Images   Videos   More          Settings   Tools

About 577,000 results (0.46 seconds)

Class Action Settlement | HP Printer Firmware
[Ad] www.hpprinterfirmwarelawsuit.com/ ▾
Consumers with **HP printers** that stopped working with non-**HP** cartridges could get a payment

HP Can't Escape Ink Cartridge Monopoly Class Action Lawsuit
https://topclassactions.com/lawsuit.../lawsuit.../840859-hp-cant-escape-ink-cartridge-m... ▾
Apr 2, 2018 - Allegedly, the error message was accompanied by a link directing consumers to **HP's**
website, selling **HP** ink cartridges. ... In their original **HP** ink cartridge class action **lawsuit**, San Miguel
and Lawty claimed that **HP** installed new firmware onto existing **printers** "without authorization."

HP Inkjet Printer Class Action Settlement Approved - Top Class Actions
https://topclassactions.com/lawsuit.../lawsuit.../41487-hp-inkjet-printer-class-action-sett... ▾
**HP** denies that it misled consumers but agreed to settle the **printer** ink class action **lawsuit** to avoid
the expense and uncertainty of ongoing litigation. Under the ...

HP Officejet Pro 8600 Printer Lawsuit - Morgan & Morgan
https://www.forthepeople.com/class-action-lawyers/hp-printer-lawsuit/ ▾
What's the Problem With the **HP** Officejet Pro 8600 Printhead? The printhead is the core component
part of an inkjet **printer** that holds the ink cartridges and controls the flow of ink onto the paper.
Consumers claim that after limited use of the **HP** Officejet Pro 8600, the product ...



OfficeJet Settlement

Web    Images    Video    News    More ⌄    Anytime ⌄

Get beautiful photos on every new browser window. Download >>

Ad related to: OfficeJet Settlement

**Legal Notice – Class Action Settlement**
www.HPPrinterFirmwareLawsuit.com
Consumers with HP printers that stopped working with non-HP cartridges could get a payment

**Notice Provided to Settlement Class in HP Printer Firmware ...**
www.action-intell.com › Industry Insights
Now, potential members of the **settlement** class are being notified about their options. Background. In early 2016, HP pushed out a firmware update to **OfficeJet** and **OfficeJet** Pro inkjet printers and all-in-ones using the HP 934/935, HP 950/951, and HP 970/971 inkjet cartridges.

**HP Printer Owners Eligible for Class-Action Settlement ...**
wirthconsulting.org/2019/01/08/hp-printer-owners... ⌄
HP **OfficeJet** Pro X451dn, X451dw, X476dn, X476dw, X551dw, X576dw To get money from the **settlement**, class members must have had a Class Printer experience a print interruption while using a working non-HP replacement ink cartridge between March 1, 2015 and December 31, 2017 .

**HP inkjet printer lawsuit reaches $5 million settlement**
www.consumerreports.org/cro/news/2010/11/hp... ⌄
As part of the proposed **settlement**, HP will contribute up to $5,000,000 in e-credits to class members. Before you quit your day job, you should note that $6 is the most any one member will receive.



HP Firmware Settlement

| All | Images | Videos | Maps | News | Shopping | | | My saves |

3,680,000 Results     Any time ▾

### Class Action Settlement | HP Printer Firmware
http://www.hpprinter**firmware**lawsuit.com ▾
[Ad] Consumers with **HP** printers that stopped working with non-**HP** cartridges could get a payment

### Notice Provided to Settlement Class in HP Printer Firmware ...
www.action-intell.com › Industry Insights ▾
Jan 08, 2019 · Notice Provided to **Settlement** Class in **HP** Printer **Firmware** Update Litigation 0. By AI staff January 8, 2019 Industry Insights. Actionable Intelligence has been covering the twists and turns in a consolidated class action filed against **HP** over a **firmware** update that locked out aftermarket ink cartridges since 2016.

### HP Printer Firmware Update Settlement - Home
**hp**printer**firmware**lawsuit.com ▾
**HP** Printer **Firmware** Update **Settlement**. Case No. 5:16-cv-05820-EJD (N.D. Cal.) SVK If Your **HP** Printer Stopped Working with Non-**HP** Replacement Cartridges, You Could Be Eligible for a Payment from a Class Action **Settlement**.

### HP Printer Owners Eligible for Class-Action Settlement ...
https://wirthconsulting.org/2019/01/08/**hp**-printer-owners-eligible... ▾
Jan 08, 2019 · Under the **settlement**, **HP** agreed not to reactivate Dynamic Security in the affected printers and to pay ... also contact the Claims Administrator to request a paper Claim Form by telephone at 1-877-861-1101 or by U.S. mail at **HP** Printer **Firmware** Claims Administrator, ...

Related searches
hp firmware **downloads**
hp firmware **updates**
hp firmware **check**

Attachment 8

# Owners of HP Printers that Stopped Working with Non-HP Replacement Cartridges Could Be Eligible for a Payment from a Class Action Settlement

NEWS PROVIDED BY
**The United States District Court for the Northern District of California →**
Jan 07, 2019, 08:00 ET

SAN JOSE, Calif., Jan. 7, 2019 /PRNewswire/ -- A settlement has been reached with HP in a class action lawsuit about Dynamic Security, a technology HP placed on certain of its inkjet printers. Plaintiffs allege Dynamic Security caused printers to stop working if they were using certain non-HP replacement ink cartridges. HP agrees under the settlement not to reactivate Dynamic Security in the Class Printers and to pay $1.5 million. HP denies that it did anything wrong.

Class Members are included in the Settlement if they owned a Class Printer between March 1, 2015 and December 31, 2017. The Class Printers are:

- HP OfficeJet Pro 6230, 6830, 6835
- HP OfficeJet 6812, 6815, 6820
- HP OfficeJet Pro 8610, 8615, 8616, 8620, 8625, 8630
- HP OfficeJet Pro X451dn, X451dw, X476dn, X476dw, X551dw, X576dw

To get money from the Settlement, Class Members must have had a Class Printer experience a print interruption while using a working non-HP replacement ink cartridge between March 1, 2015 and December 31, 2017. Class Members can get reimbursed for out-of-pocket expenses like the cost of replacement cartridges, a replacement printer, or printing or printer repair services. Class Members can make a claim and attach receipts or other documentation of their losses. Or, Class Members can make a claim for lost money or time without attaching documentation by providing the information requested on the Claim Form about their print interruption. The settlement money will be used to pay all documented claims first, with any remaining money divided equally among all class members. The amount of money claimants will get will depend on the number and type of claims submitted.

To get money, Class Members must submit a completed Claim Form postmarked by **March 8, 2019**. Class Members can make a claim at www.HPPrinterFirmwareLawsuit.com. Class Members can also contact the Claims Administrator to request a paper Claim Form by telephone at 1-877-861-1101 or by U.S. mail at HP Printer Firmware Claims Administrator, PO Box 4079, Portland, OR 97208-4079, and submit the Claim Form to the same U.S. mail address or Fax it to 1-866-741-1848.

Class Members who wish to exclude themselves from the Settlement must file online or by mail postmarked by **March 13, 2019**. Class Members who submit a Claim Form or do nothing will be bound by the Settlement and will give up their right to sue HP about Dynamic Security. Class Members who do not opt out may comment on or object to the Settlement by **March 26, 2019**. For more information, visit www.HPPrinterFirmwareLawsuit.com.

The Court will hold a hearing on **April 25, 2019 at 9:00 a.m.** to consider whether to approve the Settlement. The Court will also consider requests by Class Counsel for HP to pay their attorneys' fees and costs, as well as service awards for the representative class plaintiffs, separately from the $1.5 million fund. The date or time of the hearing may change. Check www.HPPrinterFirmwareLawsuit.com for updates.

For more information about rights and options, visit www.HPPrinterFirmwareLawsuit.com. Class Members may also call toll-free 1-877-861-1101, or write to HP Printer Firmware Claims Administrator, PO Box 4079, Portland, OR 97208-4079.

**For a copy of the Settlement Agreement or Claim Form, visit**
**www.HPPrinterFirmwareLawsuit.com or call 1-877-861-1101**

SOURCE The United States District Court for the Northern District of California

Related Links

http://www.HPPrinterFirmwareLawsuit.com